405 So.2d 767 (1981)
SEASHORE CLUB OF ATLANTIC CITY, INC., a New Jersey Corporation, and Raymond Geftman, Appellants,
v.
Manley TESSLER, et al., Appellees.
No. 81-237.
District Court of Appeal of Florida, Fourth District.
November 4, 1981.
Rehearing Denied December 2, 1981.
*768 Terrence Russell and Robert A. Plafsky of Ruden, Barnett, McClosky, Schuster & Russell, Fort Lauderdale, for appellants.
Jeffrey A. Bernstein of Law Offices of Hersh & Bernstein, Miami, for appellees.
PER CURIAM.
At issue is whether the judge below properly entered a temporary injunction prohibiting appellants from disbursing the proceeds from the sale of certain condominium units. In his order the judge below "decline(d) to make any findings of fact from the conflicting testimony presented by the parties and assume(d) for purposes of (appellees') Motion for Temporary Injunction that the allegations of the Complaint (were) true."
In our view, the trial court committed an abuse of discretion by granting the injunction in question. While it is true that a court considering a request for injunctive relief must avoid making findings which could dispose of the case on the merits, Sargent v. Geneoco, Inc., 352 F. Supp. 66 (M.D.Fla. 1972), aff'd in part, rev'd in part on other grounds and remanded, 492 F.2d 750 (5th Cir.1974), nonetheless a party seeking injunctive relief must establish the elements entitling it to relief, Contemporary Interiors, Inc. v. Four Marks, Inc., 384 So.2d 734 (Fla. 4th DCA 1980); and since the trial court accepted as true the allegations of the complaint and admittedly made no findings, it is clear that it has not yet been established that appellees are entitled to relief. Therefore, the temporary injunction cannot be allowed to stand in its present form.
Accordingly, this cause is reversed and remanded with instructions that the temporary injunction either be dissolved or alternatively that the trial court make written findings as to the existence of the elements specified in Contemporary Interiors, Inc., supra, as would sustain a continuation of the order.
LETTS, C.J., and ANSTEAD and GLICKSTEIN, JJ., concur.