533 So.2d 802 (1988)
Jack Windell HATHCOCK, Appellant,
v.
Mary Margo HATHCOCK, Appellee.
No. 88-877.
District Court of Appeal of Florida, First District.
September 29, 1988.
Rehearing Denied December 7, 1988.
Bill A. Corbin, Blountstown, for appellant.
Herman D. Laramore, Marianna, for appellee.
NIMMONS, Judge.
This is an interlocutory appeal from a temporary injunction issued in a dissolution proceeding enjoining the appellant/husband from "disposing of any properties acquired by the parties during the marriage," enjoining appellant from "harassing, bothering, interfering with or harming the [wife] in any manner during the pendency of these proceedings," and awarding the wife the temporary exclusive use and possession of the marital home and the parties' Buick automobile.
*803 Appellant complains that the order was issued without compliance with the requirements of Fla.R.Civ.P. 1.610. We agree and reverse. The current version[1] of Rule 1.610 provides, in pertinent part, as follows:
(a) Temporary Injunction.
(1) A temporary injunction may be granted without written or oral notice to the adverse party only if:
(A) it appears from the specific facts shown by affidavit or verified pleading that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and
(B) the movant's attorney certifies in writing any efforts that have been made to give notice; and
(C) the reasons why notice should not be required

(2) No evidence other than the affidavit or verified pleading shall be used to support the application for a temporary injunction unless the adverse party appears at the hearing or has received reasonable notice of the hearing. Every temporary injunction granted without notice shall be endorsed with the date and hour of entry and shall be filed forthwith in the clerk's office and shall define the injury, state findings by the court why the injury may be irreparable and give the reasons why the order was granted without notice if notice was not given. The temporary injunction shall remain in effect until the further order of the court.
(b) Bond. No temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined. * * * No bond shall be required for issuance of a temporary injunction issued solely to prevent physical injury or abuse of a natural person.
(c) Form and Scope. Every injunction shall specify the reasons for entry, shall describe in reasonable detail the act or acts restrained without reference to a pleading or another document and shall be binding on the parties to the action, their officers, agents, servants, employees and attorneys and on those persons in active concert or participation with them who receive actual notice of the injunction.
(d) Motion to Dissolve. A party against whom a temporary injunction has been granted may move to dissolve or modify it at any time. If a party moves to dissolve or modify, the motion shall be heard within 5 days after the movant applies for a hearing on the motion. (e.s.)
The pertinent portions of the appellee's sworn petition for dissolution merely alleged: (1) that "the petitioner is afraid that the respondent will dispose of the personal property owned by the parties"; (2) that "the petitioner is afraid that due to past mental harassment by the respondent that the respondent will do bodily harm to her"; (3) that the parties own two automobiles and she desires temporary possession of the 1984 Buick; (4) that the petitioner currently resides in the marital home, respondent currently is residing with his ill mother, and petitioner requests she be awarded temporary possession and use of the marital home.[2] Petitioner's attorney neither certified any efforts made to give notice of her application for temporary relief nor set forth the reasons why notice should not be given.
We first dispose of appellee's argument that the temporary injunctive order is not subject to appellate review because the appellant failed to first move the trial court to dissolve the order pursuant to Rule 1.610(d). We reject such assertion on the authority of Hotel-Motel Restaurant Employees & Bartenders Union v. Black Angus of Lauderhill, Inc., 290 So.2d 479 (Fla. 1974). There the Supreme Court held that *804 a party defendant may, without first moving to dissolve in the trial court, take an interlocutory appeal from an order issuing a temporary injunction without notice and thereby seek review of the legal sufficiency of the complaint and supporting affidavits. See also State v. Beeler, 530 So.2d 932 (Fla. 1988).
We would add that, while a defendant against whom a temporary injunction is entered without notice may seek immediate appellate review, clearly the preferred practice is for the defendant to present the alleged deficiencies to the trial court via a motion to dissolve pursuant to Rule 1.610(d).
Moving on to the merits of the appeal, it is clear that the sworn allegations of the petition for dissolution of marriage were insufficient. Appellee's petition failed to state any specific facts showing that immediate and irreparable injury, loss or damage would result if the injunctive order without notice were not issued. An injunction may be granted without notice only where the sworn petition or accompanying affidavits show strong, concrete evidence that irreparable damage will be sustained if notice is given. National Dairy Products Corporation v. State ex. rel. Warren, 189 So.2d 811 (Fla. 1st DCA 1966).
The order also fails to comply with the Rule in that it fails to state the findings required by Rule 1.610(a). See Conway Meats, Inc. v. Orange Avenue Partnership, 440 So.2d 674 (Fla. 1st DCA 1983). The order does not set forth findings why the injury may be irreparable or the reasons why the order was granted without notice.
The order is further deficient, except insofar as the restraint against physical injury or abuse, in that the trial court failed to impose the bond requirements of Rule 1.610(b).[3]
Finally, appellant claims that he is entitled, on reversal and remand to the trial court, to compensatory and punitive damages and attorney's fees as determined by the trial court based upon the erroneous issuance of the temporary order. As authority, appellant cites to Carpenters District Council of Jacksonville v. Waybright, 282 So.2d 193 (Fla. 1st DCA 1973) and Braun v. Intercontinental Bank, 452 So.2d 998 (Fla. 3rd DCA 1984). Both cases rely upon Section 60.07, Florida Statutes,[4] in holding that a defendant is entitled to recover damages (including attorney's fees) which resulted from the issuance of the temporary injunction. However, fatal to appellant's reliance upon the above authorities is the fact that Section 60.07 allowing the court in the main suit to determine and award damages upon dissolution of an injunction applies only where an injunction bond has been filed. See Hoffman v. Barlly, 97 So.2d 355 (Fla. 3rd DCA 1957). Thus, any remedy appellant might have for damages for the erroneous issuance of the subject order must lie elsewhere than in the instant suit.
Accordingly, the subject order is reversed and the cause is remanded to the trial court without prejudice to the appellee's right to seek temporary relief upon compliance with the applicable authorities and consistent with this opinion.
SMITH, C.J., and MILLS, J., concur.
NOTES
[1] The Rule was last amended in 1984. See In Re Amendments To Rules of Civil Procedure, 458 So.2d 245, 256 (Fla. 1984).
[2] If the parties had children, they apparently had reached majority.
[3] Under the Rule, no bond is required with respect to that aspect of the order which sought to prevent physical injury or abuse of the plaintiff/appellee.
[4] Section 60.07 provides:

60.07 Assessment of damages after dissolution. 
In injunction actions, on dissolution, the court may hear evidence and assess damages to which a defendant may be entitled under any injunction bond, eliminating the necessity for an action on the injunction bond if no party has requested a jury trial on damages.