721 So.2d 735 (1998)
W.J. SPRADLEY, Jr. and Virginia Campbell Cardin, As Representative of the Campbell Reunion Memorial, Appellant,
v.
OLD HARMONY BAPTIST CHURCH, Board of Trustees of the Old Harmony Baptist Church, William Bailey, James Emory Spradley, Wayne Heatherly, and Rodney Watts, Appellee.
No. 98-585.
District Court of Appeal of Florida, First District.
July 27, 1998.
Donald E. Pinaud, Jr., of O'Hara, Spradley, Byrd, Jenson, Waters & McCall, Jacksonville, for Appellant.
Thomas E. Stone, Madison, for Appellee.
*736 PER CURIAM.
Appellants contend that the injunctive order entered by the court below is legally insufficient and cannot stand. We agree.
Appellant Spradley owns some 156 acres in Madison County, Florida, which has been family-owned for over 100 years. In the 1970s Spradley permitted the Campbell Family Reunion Memorial (relatives and an appellant) to hold its annual family reunion in an area where a wooden building, which years before had been used as a church, and a family cemetery are located. Then in November 1996, Spradley's younger brother James (appellee as named member of Church's Board of Trustees) asked and received permission from Spradley for appellee Church temporarily to conduct services in the wooden building. According to appellant Spradley, the use permission was conditioned on the Church's providing a signed lease, obtaining insurance, paying utilities, and receiving use approval from appellant Campbell Family Reunion Memorial. When these requirements were not met, Spradley revoked the Church's permission to use the property. The Church not only continued to meet on the property but also asserted ownership of the property based on certain language in appellant Spradley's deed.
In September 1997, appellants filed an eviction action in county court. The case, however, was dismissed on the Church's motion. Thereupon, Spradley took steps to prevent the Church's access to the property and building by erecting a fence, which the Church members apparently tore down. The scenario of repairing the fence only to have it torn down was repeated several times. In addition, according to appellant, his younger brother threatened to kill him during one of these episodes.
Because of the continuing dispute, appellants filed a motion for injunctive relief in circuit court, and a hearing was held on this pleading with all parties and counsel present. Upon hearing some testimony from appellant Spradley, the court correctly reached the conclusion that the issues presented constituted a real property title issue that could not be resolved at a temporary relief hearing. The court then denied appellants' motion for a temporary injunction excluding appellees from the subject property. The court's order further provided, however, that, pending further hearing in the cause, (1) appellants are prohibited from interfering with the Church's access to the property and must remove the fence and give the Church the keys to the building; (2) neither party may alter the property; (3) the Church must maintain the building, pay utilities, and maintain fire insurance; (4) the Church must allow the Campbell Reunion in the wooden building for its annual meeting; (5) all personal property that was in the church building must be returned and none can be taken; and (6) only members of the Spradley and Campbell families may be buried in the cemetery.
In the instant case, appellants did not file a motion pursuant to Florida Rule of Civil Procedure 1.610(d) to dissolve the injunction. Although filing such a motion in the lower court is preferred, an injunctive order is, nevertheless, subject to appellate review. Hathcock v. Hathcock, 533 So.2d 802, 803 (Fla. 1st DCA 1988), review denied, 542 So.2d 1333 (Fla.1989). Generally abuse of discretion is the standard of review for orders issued upon application for or removal of an injunction, Neal v. Neal, 636 So.2d 810 (Fla. 1st DCA 1994); T.J.R. Holding Co. v. Alachua County, 617 So.2d 798 (Fla. 1st DCA 1993), but in the absence of a Rule 1.610(d) motion, an appellate court is limited to reviewing the legal sufficiency of the pleadings and supporting affidavits. Hathcock v. Hathcock, 533 So.2d at 804; County of Orange v. Webster, 503 So.2d 988, 989 (Fla. 5th DCA 1987).
[T]he standard of review in a direct appeal of a temporary injunction, where the enjoined party elects not to seek dissolution of the injunction under Rule 1.610(d), does not permit an inquiry into the factual matters presented in the underlying case. However, the lower court's compliance with the requirements of law when issuing an injunction is a matter within the purview of a reviewing court.
United Farm Workers of America, AFL-CIO v. Quincy Corp., 681 So.2d 773, 775-76 *737 (Fla. 1st DCA 1996) (citations omitted). See Hathcock, 533 So.2d at 804.
Appellants in this case do not argue that the court erred in denying their motion for an injunction barring appellees from the disputed property. Instead, they assail those aspects of the lower court's order presented above that prohibit or require actions by appellants with regard to the Church and the use of the property. Appellants' arguments regarding the legal insufficiency of the injunction with regard to the requirements of Florida Rule of Civil Procedure 1.610 are well taken.
We begin by noting that even if the court below entered the order imposing requirements on the parties in an attempt to preserve the "status quo" until a final determination of the issues could be reached, as the Church contends, the language in the order is nevertheless injunctive and must comply with the requirements for issuance of an injunction. See Camji v. Helmsley, 602 So.2d 617 (Fla. 3d DCA 1992) (rejecting argument that order only sought to preserve "status quo" by prohibiting appellants' removal of garbage bin because "[t]he very purpose of a temporary injunction is to preserve the status quo"; thus the prohibitory order "constituted a temporary injunction," which did not meet the requirements of Rule 1.610).
The court first erred by entering the injunction sua sponte. As stated in the Committee Notes of 1980 to Rule 1.610, an injunction cannot be entered unless a pleading requests one. Appellants' motion for temporary injunction in this case was denied, and the Church did not request an injunction. Accordingly, the language in the order following the denial of appellants' motion for temporary injunction constitutes an injunction that was not requested. See First Union Nat'l Bank v. Peoples Nat'l Bank of Commerce, 644 So.2d 538, 539 (Fla. 3d DCA 1994)(reversing injunctive aspects of order "because, without dispute, this injunctive relief was entered sua sponte by the court in the absence of required pleadings and notice"); Pond v. McKnight, 339 So.2d 1149 (Fla. 2d DCA 1976)(affirming order denying relief requested by appellants but reversing part of order enjoining certain actions of appellants "when no such relief was requested by the appellees by way of counterclaim or any other pleading"). In addition, much of the language in the injunctive part of the order is mandatory, rather than prohibitory. Issuance of mandatory injunctions before final hearing is disfavored and should be granted only in "rare cases where the right is clear and free from reasonable doubt." American Fire & Cas. Co. v. Rader, 160 Fla. 700, 36 So.2d 270, 271 (1948). There is no pleading supporting the mandatory injunction entered in this case. See Allegra Enter., Inc., 455 So.2d at 1074 (finding injunction defective because order "provided mandatory features not requested by movants").
Second, this court has stated that "[e]ven after hearing and notice, a temporary injunction is properly entered only in certain well-defined circumstances." City of Jacksonville v. Naegele Outdoor Adver. Co., 634 So.2d 750, 752 (Fla. 1st DCA 1994), approved by, 659 So.2d 1046 (Fla.1995).
[T]he issuance of a preliminary injunction is an extraordinary remedy which should be granted sparingly, which must be based upon a showing of the following criteria: (1) The likelihood of irreparable harm; (2) the unavailability of an adequate remedy at law; (3) substantial likelihood of success on the merits; and (4) considerations of public interest.
Id. (quoting Thompson v. Planning Comm'n, 464 So.2d 1231 (Fla. 1st DCA 1985)). Rule 1.610 requires a court's injunctive order to "specify the reasons for entry" of the injunction, and this court has emphasized that "[c]lear, definite, and unequivocally sufficient factual findings must support each of the four conclusions necessary to justify entry of a preliminary injunction." Naegele, 634 So.2d at 754. The court's order in this case does not contain any findings or provide any reasons for issuing the injunction. The injunction, therefore, is also fatally deficient on this second basis. Id.; Hathcock, 533 So.2d at 804; Allegra Enter., Inc. v. Fairchild, 455 So.2d 1073 (Fla. 4th DCA 1984) (finding injunctive order did not specify adequate reasons for its entry).
*738 Finally, the Church concedes that the injunction entered does not "solely address the threat of physical injury." Under Rule 1.610, therefore, the court should have required that a bond be posted. Failure to do so is reversible error. United Farm Workers of America, AFL-CIO v. Quincy Corp., 681 So.2d 773, 777 (Fla. 1st DCA 1996)(finding error in failure to require a bond where Rule 1.610(b) requires bond and no rule exceptions applied); Hathcock v. Hathcock, 533 So.2d at 804.
Accordingly, we affirm that part of the order which denies appellants' motion for injunctive relief, and we quash all injunctive aspects of the order for the reasons presented above.
MINER, WOLF and DAVIS, JJ., concur.