752 So.2d 1250 (2000)
George C. TOM, Appellant,
v.
Jessie B. RUSS, as Personal Representative of the Estate of Meddie Russ Parker, Appellee.
No. 1D99-2789.
District Court of Appeal of Florida, First District.
March 9, 2000.
*1251 William E. Whitley, P.A., High Springs, for Appellant.
Teresa Byrd Morgan of Teresa Byrd Morgan, P.A., Lake City, for Appellee.
PER CURIAM.
Appellant seeks reversal of a temporary injunction. We remand for further proceedings consistent with this opinion.
As this Court has previously recognized, even after hearing and notice, a temporary injunction is properly entered only in certain well-defined circumstances. The issuance of a preliminary injunction is an extraordinary remedy which must be based upon a showing of the following criteria: (1) the likelihood of irreparable harm; (2) the unavailability of an adequate remedy at law; (3) substantial likelihood of success on the merits; and (4) considerations of public interest. Spradley v. Old Harmony Baptist Church, 721 So.2d 735, 737 (Fla. 1st DCA 1998). Florida Rule of Civil Procedure 1.610 requires a court's injunctive order to "specify the reasons for entry" of the injunction, "and this court has emphasized that `[c]lear, definite, and unequivocally sufficient factual findings must support each of the four conclusions necessary to justify entry of a preliminary injunction.'" Spradley, 721 So.2d at 737, quoting City of Jacksonville v. Naegele Outdoor Adver. Co., 634 So.2d 750, 754 (Fla. 1st DCA 1994), approved, 659 So.2d 1046 (Fla.1995). Additionally, Rule 1.610(b) requires that no temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, except in limited circumstances not applicable in this case.
The order on appeal fails to address likelihood of success on the merits or considerations of public interest. The order also fails to require a bond. Accordingly, we remand with instructions to the trial court to either enter an order that satisfies all requirements for entry of a temporary injunction or if appropriate, an order denying the injunction.
Reversed and remanded.
BARFIELD, C.J., LAWRENCE and BROWNING, JJ., CONCUR.