870 So.2d 135 (2003)
Janice MILIN, et al., Appellants,
v.
NORTHWEST FLORIDA LAND, L.C., et al., Appellees.
No. 1D03-1666.
District Court of Appeal of Florida, First District.
December 31, 2003.
*136 David G. White, Esq., Pensacola, for Appellants.
T.A. Borowski, Jr., Esq. and J. Scott Duncan, Esq., Pensacola, for Appellees.
PER CURIAM.
Appellants seek review of the trial court's order imposing a temporary injunction. Because the trial court's order failed to address the four criteria necessary to support the issuance of the injunction and failed to set forth sufficient factual findings that support each of the four criteria, we reverse the trial court's order and remand with directions.
As we have previously set forth in City of Jacksonville v. Naegele Outdoor Advertising Co., 634 So.2d 750, 752 (Fla. 1st DCA 1994):
[T]he issuance of a preliminary injunction is an extraordinary remedy which should be granted sparingly, which must be based upon a showing of the following criteria: (1) The likelihood of irreparable harm; (2) the unavailability of an adequate remedy at law; (3) substantial likelihood of success on the merits; and (4) consideration of public interest.
(quoting Thompson v. Planning Comm'n, 464 So.2d 1231, 1236 (Fla. 1st DCA 1985)). Pursuant to Florida Rule of Civil Procedure 1.610(c), "[e]very injunction shall specify the reasons for entry...." We have emphasized that "[c]lear, definite, and unequivocally sufficient factual findings must support each of the four conclusions necessary to justify entry of a preliminary injunction." See Spradley v. Old Harmony Baptist Church, 721 So.2d 735, 737 (Fla. 1st DCA 1998) (quoting Naegele, 634 So.2d at 754).
For instance, in Tom v. Russ, 752 So.2d 1250, 1251 (Fla. 1st DCA 2000), in noting that the trial court's injunction failed to address the likelihood of success on the merits or considerations of public interest, we reversed and remanded with instructions to the trial court to either enter an order that satisfied all requirements for *137 entry of a temporary injunction, including the requirement of a bond, or, if appropriate, an order denying the injunction. See also Yardley v. Albu, 826 So.2d 467, 470 (Fla. 5th DCA 2002) (reversing the trial court's injunction because the court's order recited legal aphorisms or parroted the essential injunction criteria and remanding with instructions to delineate factual findings to support each of the four criteria); Spradley, 721 So.2d at 737 (holding that the injunction was fatally deficient because the court's order did not contain any findings or provide any reasons for issuing the injunction); Bellach v. Huggs of Naples, Inc., 704 So.2d 679, 680 (Fla. 2d DCA 1997) (reversing and remanding the court's injunction because the order, which failed to make specific findings regarding the four injunction criteria, was defective); Snibbe v. Napoleonic Soc'y of Am., Inc., 682 So.2d 568, 570 (Fla. 2d DCA 1996) (reversing and remanding the trial court's injunction because the court's order did not make specific factual findings as to the four elements necessary to support the issuance of the injunction); Liberty Fin. Mortgage Corp. v. Clampitt, 667 So.2d 880, 881-82 (Fla. 2d DCA 1996) (reversing and remanding because, although the trial court's injunction addressed irreparable injury, it did not address the three other criteria necessary to support the issuance of an injunction).
In the instant case, the only factual finding made by the trial court was that the parties had maintained the disputed property in a condition during the litigation that was the "status quo" and that the status quo had been maintained until very recently. Although appellee is correct that the function of a temporary injunction is to preserve the status quo pending the final outcome of a case, see Brock v. Brock, 667 So.2d 310, 311 (Fla. 1st DCA 1995), the trial court failed to address the four criteria necessary for the issuance of an injunction and failed to set forth any factual findings in support of the four criteria, as did the courts in the foregoing cases. As such, the temporary injunction is defective and must be reversed. See, e.g., Yardley, 826 So.2d at 470; Tom, 752 So.2d at 1251; Bellach, 704 So.2d at 680. Upon remand, the trial court is instructed to enter an order that satisfies all requirements for entry of a temporary injunction or, if appropriate, an order denying the injunction. See Tom, 752 So.2d at 1251.
REVERSED and REMANDED with directions.
WEBSTER, LEWIS and HAWKES, JJ., concur.