THOMPSON, J.
Sharon Titus appeals a temporary injunction. We quash the injunction because the court failed to make the requisite findings. This issue being dispositive, we do not address the other points raised by Titus.
A preliminary injunction is an extraordinary remedy which should be granted sparingly, and which may be entered if the party seeking the injunction establishes the following criteria: (1) the likelihood of irreparable harm; (2) the unavailability of an adequate remedy at law; (3) substantial likelihood of success on the merits; and (4) consideration of the public interest. Yardley v. Albu, 826 So.2d 467, 470 (Fla. 5th DCA 2002). In entering the injunction, the trial court must strictly comply with rule 1.610(c), Florida Rules of Civil Procedure, by specifying the reasons for entry of the injunction and describing in reasonable detail the act or acts restrained without reference to a pleading or another document. Id. (quoting Fla. R. Civ. P. 1.610(c)). Further, the trial court must set forth “[cjlear, definite, and unequivocally sufficient factual findings” in support of each of the four criteria. Milin v. Northwest Florida Land, L.C., 870 So.2d 135, 2003 WL 23094866 (Fla. 1st DCA Dec. 31, 2003).
INJUNCTION QUASHED.
PALMER and MONACO, JJ., concur.