PER CURIAM.
Appellant, Margaret J. Townsend, appeals from a nonfinal order issuing a temporary injunction,[1] contending the trial court erred as a matter of law by entering the order based upon insufficient findings. We reverse the order and quash the temporary injunction.
After filing a civil suit seeking reimbursement for a partnership debt, appel-lee, George Townsend, III, moved to protect an asset of the partnership, a tobacco allotment, consisting of 85,000 pounds of tobacco. He alleged that the federal government had by law discontinued the tobacco-poundage allotment program and was in the process of purchasing tobacco allotments from the various owners. Because, he claimed, many of the pounds were assigned to real property appellant owns, and payments will be made to appellant, rather than the partnership, these assets will be either lost or placed beyond the court’s control without an order from the court impounding such payments.
The court granted appellee’s motion, finding that in the recent past appellant had applied liquidated partnership assets to partnership debt only when the court had ordered her to do so. To preserve the tobacco assets, the court directed appellant not to accept payment from the government, and to deposit any payments that may have been made into the registry of the court.
Because appellant failed to seek dissolution of the injunction under Florida Rule of Civil Procedure 1.610(d), our sole task on review is to determine whether the lower court complied with the requirements of law upon issuing the injunction. *163 See Spradley v. Old Harmony Baptist Church, 721 So.2d 735, 736 (Fla. 1st DCA 1998); United Farm Workers of Am., AFL-CIO v. Quincy Corp., 681 So.2d 773, 776 (Fla. 1st DCA 1996).
We conclude the court’s order was legally insufficient. It did not find that appellee had shown (1) the likelihood of irreparable harm; (2) the absence of an adequate remedy at law; (3) a substantial likelihood of success on the merits; and (4) considerations of the public interest. See Spradley, 721 So.2d at 737. The reasons the court provided do not satisfy any of these criteria. A claim that funds must be impounded to satisfy a money judgment does not warrant a temporary injunction. B.L.E. Realty Corp. v. Mary Williams Co., 101 Fla. 254, 134 So. 47 (1931); De Leon v. Aerochago, S.A., 593 So.2d 558 (Fla. 3d DCA 1992); Supreme Serv. Station Corp. v. Telecredit Serv. Ctr., Inc., 424 So.2d 844 (Fla. 3d DCA 1982); Action Elec. & Repair, Inc. v. Batelli, 416 So.2d 888 (Fla. 4th DCA 1982); Acquafredda v. Messina, 408 So.2d 828 (Fla. 5th DCA 1982).
Finally, appellee concedes the lower court reversibly erred by failing to require him to post a bond as a condition for the issuance of the injunction. See Spradley, 721 So.2d at 738.
The Order on Motion to Protect Partnership Assets is REVERSED, and the temporary injunction is QUASHED.
ERVIN, DAVIS and LEWIS, JJ., concur.

. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B).