PER CURIAM.
“[T]he lower court’s compliance with the requirements of law when issuing an injunction is a matter within the purview of a reviewing court.” United Farm Workers of Am., AFL-CIO v. Quincy Corp., 681 So.2d 773, 776 (Fla. 1st DCA 1996); see Terex Trailer Corp. v. *1074 McIlwain, 579 So.2d 237, 240 (Fla. 1st DCA 1991) (“An appellate court has broad authority to review nonfinal orders concerning injunctive relief, even extending to orders subject to characterization as an order ‘in the nature of a mandatory injunction under Fla. R.App. P. 9.130(a)(3)(B).’ ” (quoting Seigle v. Barry, 422 So.2d 63, 64 (Fla. 4th DCA 1982))).
Florida Rule of Civil Procedure 1.610 governs injunctions. If the language of an order is injunctive in nature, the order must comply with the requirements for the issuance of an injunction, even if the trial court merely intended to preserve the status quo in the order. See Spradley v. Old Harmony Baptist Church, 721 So.2d 735, 737 (Fla. 1st DCA 1998). In the present case, the trial court “enjoined” Cone from seeking any and all compensation until “further order of this Court or any other Court of competent jurisdiction.” Clearly, the language of the order is in-junctive in nature. Appellee concedes that the trial court did not comply with rule 1.610. Accordingly, we REVERSE the order and QUASH the injunction.
BENTON and LEWIS, JJ., and SILVERMAN, SCOTT J., Associate Judge, concur.