964 So.2d 196 (2007)
Thomas J. EDWARDS, Appellant,
v.
Troy HARRIS d/b/a Harris Business Machines, Inc., Appellee.
No. 1D06-4832.
District Court of Appeal of Florida, First District.
August 23, 2007.
*197 Charles F. Beall, Jr., and George R. Mead, II, of Moore, Hill & Westmoreland, P.A., Pensacola, for Appellant.
Russell K. Ramey of Ramey Law Offices, Panama City, for Appellee.
PER CURIAM.
The appellant challenges the entry of a temporary injunction upholding a covenant not to compete. The record reflects that the appellee proved a substantial business interest that required protection but the order of temporary injunction does not contain any factual findings and was not reasonably necessary to protect the business interest. We reverse.
The order of temporary injunction must contain more than conclusory legal aphorisms if it is to be subject to meaningful appellate review. See City of Jacksonville v. Naegele Outdoor Adver. Co., 634 So.2d 750, 753 (Fla. 1st DCA 1994). Florida Rule of Civil Procedure 1.610(c) requires the trial court to specify the reasons for entry of the temporary injunction and do more than mirror each tine of the four-prong test. See Seashore Club of Atl. City, Inc. v. Tessler, 405 So.2d 767, 768 (Fla. 4th DCA 1981). Furthermore, this Court has consistently required trial courts to make findings of fact that address the four criteria necessary to support the temporary injunction. See generally Milin v. N.W. Fla. Land, L.C., 870 So.2d 135, 136-37 (Fla. 1st DCA 2003) (reversing temporary injunction because the trial court failed to make findings to support the order); Tom v. Russ, 752 So.2d 1250, 1251 (Fla. 1st DCA 2000) (remanding temporary injunction because the trial court failed to address the likelihood of success on the merits or considerations of public interest).
In the instant case, the trial court failed to make any findings of fact to support the order of temporary injunction. The order simply states that the parties had entered into a covenant not to compete and that the factors set forth in section 542.335, Florida Statutes (2005), were satisfactorily met. There were no factual findings that applied the factors in section 542.335 to the instant case. Therefore, the trial court erred in failing to make findings of fact to support the order of temporary injunction.
Section 542.335 also provides that the appellant had the burden of establishing that the covenant was overbroad or not otherwise reasonably necessary to protect the established legitimate business interest. The covenant cannot be used as a tool simply to eliminate competition. See Hapney v. Cent. Garage, Inc., 579 So.2d 127, 131 (Fla. 2d DCA 1991). Furthermore, the covenant may be unreasonable when it inflicts an unduly harsh or unnecessary result upon the employee. See Auto Club Affiliates, Inc. v. Donahey, 281 So.2d 239, 241 (Fla. 2d DCA 1973); see *198 also Austin v. Mid State Fire Equip. of Cent. Fla., Inc., 727 So.2d 1097, 1098 (Fla. 5th DCA 1999).
In the instant case, the trial court upheld the covenant and enjoined the appellant from working with a competing employer in any capacity. There was no evidence that the appellee would be harmed simply by the appellant's employment with a competitor. Instead, the injunction should have only prevented the appellant from engaging in activities harmful to the legitimate business interest. See generally Hapney, 579 So.2d at 130-31 (Fla. 2d DCA 1991) (discussing that employer may not prohibit ordinary competition and that special facts over and above ordinary competition must exist before protection will be granted). Based upon these facts, the order under review unnecessarily restricted competition by enjoining the appellant from working with another competitor in any capacity.
Accordingly, the order granting temporary injunction is hereby REVERSED, and this case REMANDED to the trial court.
VAN NORTWICK, LEWIS, and ROBERTS, JJ., concur.