CORRECTED OPINION
PER CURIAM.
We reverse the trial court’s order granting a temporary injunction because of a lack of specific factual findings. Aerospace Welding, Inc. v. Southstream Exhaust & Welding, Inc., 824 So.2d 226, 227 (Fla. 4th DCA 2002) (reiterating that “ ‘[cjlear, definite, and unequivocally sufficient factual findings’ must support each of [the] four criteria before the court may enter the injunction.”) (quoting City of Jacksonville v. Naegele Outdoor Adver. Co., 634 So.2d 750, 754 (Fla. 1st DCA 1994)). We find the order did no more than “mirror each tine of the four-prong [temporary injunction] test.” Edwards v. Harris, 964 So.2d 196, 197 (Fla. 1st DCA 2007) (citing Seashore Club of Atl. City, Inc. v. Tessler, 405 So.2d 767, 768 (Fla. 4th DCA 1981)).
Given the circumstantial nature of the evidence supporting the breadth of the injunction, specific factual findings are necessary to allow for meaningful appellate review. Jouvence Ctr. for Advanced Health, LLC v. Jouvence Rejuvenation Ctrs., LLC, 14 So.3d 1097 (Fla. 4th DCA 2009); see also Angelino v. Santa Barbara Enters., LLC, 2 So.3d 1100 (Fla. 3d DCA 2009).
Accordingly, we reverse the trial court’s order and remand for the trial court to *917 enter an order that satisfies all requirements for entry of a temporary injunction.
REVERSED AND REMANDED.
WOLF, PADOVANO, and THOMAS, JJ., concur.