WARNER, J.
 

 The appellants, who allege they were tenants of the appellees, appeal the trial court’s order denying their motion for a mandatory injunction. They sought the
 
 *1067
 
 immediate possession of a residential apartment, contending that the appellees violated section 83.67(2), Florida Statutes, by changing the locks of the apartment. The trial court considered their request as one for a temporary injunction and denied the same, finding that they had not proved by clear and convincing evidence that a landlord-tenant relationship had been created. We affirm.
 

 Appellants filed for an injunction a day after filing their complaint alleging their entitlement to possession of the premises. The putative landlord and its agent filed an answer denying that they had entered into a landlord-tenant relationship with the appellants. The court held an evidentiary hearing on the request for injunction and afterwards determined that appellants had not proved the existence of a tenancy.
 

 The grant or denial of an injunction is a matter that lies within the sound discretion of the trial court.
 
 E. Fed. Corp. v. State Office Supply Co.,
 
 646 So.2d 737, 741 (Fla. 1st DCA 1994). “Injunctions are classified as prohibitory or mandatory in their effect and as temporary or permanent in their duration.”
 
 See
 
 Henry P. Trawick, Jr.,
 
 Trawick’s Florida Practice & Procedure
 
 § 28.1 (2010 ed.). Mandatory injunctions, which compel an affirmative action by the party enjoined, are looked upon with disfavor, and the courts are even more reluctant to issue them than prohibitory ones.
 
 See Johnson v. Killian,
 
 157 Fla. 754, 27 So.2d 345, 346 (1946). “Issuance of mandatory injunctions before final hearing is disfavored and should.be granted only in ‘rare cases where the right is clear and free from reasonable doubt.’ ”
 
 Spradley v. Old Harmony Baptist Church,
 
 721 So.2d 735, 737 (Fla. 1st DCA 1998) (quoting
 
 Am. Fire & Cas. Co. v. Rader,
 
 160 Fla. 700, 36 So.2d 270, 271 (1948)).
 

 The court considered the requested relief as a motion for temporary injunction, because trial had not been set. We agree with the court’s assessment. The motion for injunction could not be considered one for a permanent injunction, because the motion was made before the cause was at issue.
 
 See
 
 Fla. R. Civ. P. 1.440. As appellants were seeking a mandatory injunction before a final hearing, the relief they were seeking is properly categorized as a “temporary mandatory injunction.”
 
 See Martin v. Pinellas County,
 
 444 So.2d 439 (Fla. 2d DCA 1983) (affirming temporary mandatory injunction directing property owners to remove all buried fill in their landfill and borrow pit, but emphasizing that the owners still had the right to a final hearing before the trial court on the merits of the cause).
 

 A party seeking a preliminary or temporary injunction must establish that: (1) irreparable injury will result if the injunction is not granted, (2) there is no adequate remedy at law, (3) the party has a clear legal right to the requested relief, and (4) the public interest will be served by the temporary injunction.
 
 DiChristopher v. Bd. of County Comm’rs,
 
 908 So.2d 492 (Fla. 5th DCA 2005). The threshold question for purposes of issuing the injunction was whether a landlord-tenant relationship ever came into existence. Here, the trial court denied appellants’ request for a temporary mandatory injunction, because the court was not satisfied that appellants had proven a landlord-tenant relationship. The tenants had the burden to establish their claim by evidence “clear and free from reasonable doubt,” which they did not do.
 
 See Spradley,
 
 721 So.2d at 737. The evidence of the relationship was controverted, and it was within the trial court’s discretion to weigh the credi
 
 *1068
 
 bility of the witnesses. No abuse of discretion has been demonstrated.
 

 Affirmed.
 

 POLEN and LEVINE, JJ., concur.