LUCAS, Judge,
Concurring specially.
I concur with the decision to reverse the circuit court’s order but write separately because I believe mandatory injunctive relief — and all that it will entail — is warranted here only bécause section 718.303(1), Florida Statutes (2011), authorizes this extraordinary civil remedy in cases such as this one.
From the record it appears that the Amelios have suffered some degree of moisture intrusion in their condominium unit for the past several years as a result of some problem, yet to be definitively diagnosed, with their building’s floor slab. Whatever the exact source of the problem may be, the Amelios have, thus far, been unsatisfied with the attempts to repair it, and so they sought relief in court. Among their claims for relief, the Amelios asked for a mandatory injunction to compel their condominium association to undertake a proper repair of the slab, whatever that may be. The conflicting causation evidence presented at this bifurcated nonjury *1042 trial, were it in a context other than a condominium, would seem to present a difficult case for mandatory injunctive relief. Cf. Dade Enters. v. Wometco Theatres, 119 Fla. 70, 160 So. 209, 214 (1935) (“It is a rule of general application in injunction cases that an injunction should not be granted where there is substantial dispute as to the legal rights involved and the right of complainant is doubtful, or is not clear, or is questioned on every ground on which he puts it, not only by the answer of the defendant, but by the proofs in the cause.”); Foreclosure FreeSearch, Inc. v. Sullivan, 12 So.3d 771, 774-75 (Fla. 4th DCA 2009) (“Although a trial court has broad discretion in granting injunctive relief, it is an extraordinary remedy that ‘requires a clear legal right, free from reasonable doubt.’ ” (quoting Net First Nat’l Bank v. First Telebanc Corp., 834 So.2d 944, 950 (Fla. 4th DCA 2003))).
However, as the majority correctly notes, the Association is required under a recorded condominium declaration to repair the floor slab as part of its common maintenance obligations. Furthermore, section 718.303(1) expressly provides condominium owners such as the Amelios with an avenue to obtain injunctive relief against a condominium association for violations of recorded condominium declarations. With that recorded obligation and statutory authority, and in light of the evidence that the slab of this building is in some kind of disrepair which the Amelios are incapable of remedying, the circuit court’s denial of injunctive relief was improper. See Hobbs v. Weinkauf, 940 So.2d 1151, 1153 (Fla. 2d DCA 2006) (“A violation of the requirements of chapter 718 is itself a harm for which section 718.303 authorizes injunctive relief. The statute requires no additional showing of harm.”).
The Association raises a valid point about the rare and extraordinary nature of mandatory injunctive relief that bears repeating. See Johnson v. Killian, 157 Fla. 754, 27 So.2d 345, 347 (1946) (stating that the “drastic” remedy of injunctive relief should be granted “cautiously and sparingly,” particularly when it is mandatory, because mandatory injunctions are looked upon with disfavor); Grant v. GHG014, LLC, 65 So.3d 1066, 1067 (Fla. 4th DCA 2010) (“Mandatory injunctions, which compel an affirmative action by the party enjoined, are looked upon with disfavor, and the courts are even more reluctant to issue them than prohibitory one's.”). And, it must be conceded, the entry of a mandatory injunction that necessitates ongoing judicial monitoring presents unique challenges as it distends the traditional role of a court as an arbiter of disputes; such injunctions must be carefully crafted so that they have definitive limits and are not perpetual. Collins v. Pic-Town Water Works, Inc., 166 So.2d 760, 762 (Fla. 2d DCA 1964); Abbey Park Homeowners Ass’n v. Bowen, 508 So.2d 554, 555 (Fla. 4th DCA 1987). Just as we would never wish to put a court “in the business of managing a shopping center,” Mayor’s Jewelers, Inc. v. California Pub. Emps. Ret. Sys., 685 So.2d 904, 905 (Fla. 4th DCA 1996) (quoting New Park Forest Assocs. II v. Rogers Enters., Inc., 195 Ill.App.3d 757, 142 Ill.Dec. 474, 552 N.E.2d 1215, 1220 (1990)), we should be loath to make a circuit judge into a construction site supervisor. But these arguments must fail in the face of a statute that authorizes this equitable remedy under these facts.
For that reason, I concur.