IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ORANGE COUNTY, FLORIDA,

       Appellant,

 v.                                         Case No.  5D17-252

FLORIDA ASSOCIATION FOR CONSTITUTIONAL
OFFICERS, INC., BILL COWLES, ORANGE COUNTY
SUPERVISOR OF ELECTIONS AND NICHOLAS
SHANNIN,

       Appellee.

_____/

Opinion filed October 13, 2017

Non-Final Appeal from the
Circuit Court for Orange
County,
Bob Leblanc, Judge.

Jeffrey J. Newton, County Attorney, and
William C. Turner, Assistant County
Attorney, Orlando, for Appellant.

Gigi Rollini and Robert J. Telfer, III, April
Caminez-Bentley and Mark Herron, of
Messer Caparello, P.A., Tallahassee, for
Appellee, Florida Association for
Constitutional Officers, Inc.

Nicholas A. Shannin, of Shannin Law
Firm, P.A., Orlando, for Appellees, Bill
Cowles, Orange County Supervisor of
Elections.

No appearance for Appellee, Nicholas
Shannin.

PALMER, J.

Orange County (the County) appeals the trial court's order staying implementation and enforcement of certain amendments to the County's Charter (the Charter) as requested in an emergency motion of the Florida Association for Constitutional Officers Inc., (the Association). Because the trial court's order constitutes a temporary injunction without notice and the trial court failed to meet the requirements for the entry of such an order, we reverse.

In the 2016 general election, the County's voters approved certain amendments to the Charter which abolished the constitutional offices of sheriff, tax collector, property appraiser, supervisor of elections, and clerk of the circuit court, and transferred their duties to nonpartisan, term-limited, charter offices.[1] Additionally, the amendments conferred upon the charter officers the right to sue or be sued, and exempted them from the uniform budget process.

The Association filed a four-count complaint seeking a declaration that the amendments were unlawful and a permanent injunction barring their implementation and enforcement. The Association also filed an emergency motion requesting an immediate, temporary stay of the amendments "to protect the status quo" and to ensure that the court ultimately would have the opportunity to order meaningful relief in its disposition of the case.

---

[1] See Art. VIII, § 1(d), Fla. Const.

The trial court, without notice or a hearing, entered an order granting the Association's emergency motion. In its entirety, the order provides:

> THIS MATTER came on before the Court, on the [Association's] Motion for Immediate, Temporary Stay and the Court being fully advised in the premises, it is
>
> ORDERED AND ADJUDGED as follows:
>
> The motion is hereby Granted. Implementation and enforcement of Charter Amendments described therein are STAYED until further hearing and order of this Court.

This appeal timely followed.[2]

At the outset, we reject the Association's argument that we lack jurisdiction to review the challenged order. Rule 9.130(a)(3)(B) of the Florida Rules of Appellate Procedure authorizes the district courts of appeal to review non-final orders that "grant, continue, modify, or dissolve injunctions." Pursuant to this rule, district courts have the authority to review orders that, although not labeled an injunction, grant injunctive relief. See City of Sunny Isles Beach v. Temple B'Nai Zion, Inc., 43 So. 3d 904, 906 (Fla. 3d DCA 2010); Cone v. Anderson, 944 So. 2d 1073, 1074 (Fla. 1st DCA 2006). Here, the trial court's order barred the County from implementing and enforcing the Charter amendments until further order of the court and, thus, constitutes a non-final order granting injunction relief. See Cone, 944 So. 2d at 1074. Accordingly, we have jurisdiction.

---

[2] See State v. Beeler, 530 So. 2d 932, 934 (Fla. 1988) ("After a trial court issues a temporary injunction [without notice], a defendant has two options. He may question the lack of prior notice by immediately appealing the injunctive order pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B), or he may file a motion to dissolve with the trial court.").

On the merits, the County argues that the trial court's order fails to comply with the provisions of rule 1.610 of the Florida Rules of Civil Procedure. We agree.[3] "If the language of an order is injunctive in nature, the order must comply with the requirements . . . [of this rule]." Id. In part, rule 1.610 provides:

> **Rule 1.610. Injunctions**
>
> **(a) Temporary Injunctions.**
>
> . . . .
>
> (2) . . . Every temporary injunction granted without notice shall be endorsed with the date and hour of entry and shall be filed forthwith in the clerk's office and shall define the injury, state findings by the court why the injury may be irreparable, and give the reasons why the order was granted without notice . . . .
>
> **(b) Bond.** No temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper . . . .

Here, the trial court's order does not include the findings required by rule 1.610(a)(2). See Beatty v. Aher, 995 So. 2d 595, 596 (Fla. 5th DCA 2008) (reversing temporary injunction without notice because it failed to comply with rule 1.610(a)(2)). Nor does the order require the Association to post a bond. See Forrest v. Citi Residential Lending, Inc., 73 So. 3d 269, 279 (Fla. 2d DCA 2011) ("An injunction is defective if it does not require the movant to post a bond."). Accordingly, we reverse and remand for further proceedings. We do not reach the other arguments raised by the County.

REVERSED and REMANDED.

---

[3] Contrary to the Association's assertions, "the lower court's compliance with the requirements of law when issuing an injunction is a matter within the purview of a reviewing court." United Farm Workers of Am., AFL-CIO v. Quincy Corp., 681 So. 2d 773, 776 (Fla. 1st DCA 1996).

4

EVANDER and LAMBERT, JJ., concur.