PEARSON, Judge.
This interlocutory appeal is from an order transferring the cause from the circuit court to the county court upon the ground stated in the motion that: “The lease attached to the plaintiff’s complaint sets forth that the plaintiff’s recovery is limited to an abatement of rent of a period not in excess of 17 days, which said abatement under the terms of the lease would in any event be less than the minimum jurisdiction of this Court to wit: $2,500.00.”[1]
The complaint claimed damages for the landlord’s negligent notification to the tenant that the premises were ready for occupancy when, in fact, the premises were not ready for occupancy. The special damages claimed included disruption of business, loss of income and additional expenses. The trial judge accepted the landlord’s argument that all of these claimed damages were, as a matter of law, the end result of the landlord’s being unable to give possession of the leased premises on the date stipulated and that a provision of the lease precluded any claim for damages in excess of an abatement of rent for the period lost. Cf. Harvey Corporation v. Universal Equipment Co., 1947, 158 Fla. 644, 29 So.2d 700.
We hold that the cause of action alleged here sounds in tort and that the special damages alleged and recoverable in tort in this case are not limited by the contract provision. See Holbrook v. City of Sarasota, Fla.1952, 58 So.2d 862; and Banfield v. Addington, 1932, 104 Fla. 661, 140 So. 893.
The order transferring the cause and dismissing the complaint is reversed and the cause remanded with directions to require the defendant to answer the complaint.
Reversed and remanded.

. The order also grants defendant’s motion to age in view of the transfer order. dismiss. This portion of the order is surplus-