953 So.2d 773 (2007)
The PLACE AT VERO BEACH, INC., a Florida corporation, Appellant,
v.
Patricia HANSON, as Personal Representative of the Estate of Albert Williams, deceased, Appellee.
No. 4D06-21.
District Court of Appeal of Florida, Fourth District.
April 25, 2007.
*774 Michael T. Tomlin of DeMahy, Labrador, Drake & Payne, P.A., Coral Gables, for appellant.
David M. Carter of Gould, Cooksey, Fennell, O'Neill, Marine, Carter & Hafner, P.A., Vero Beach, and Philip M. Burlington of Burlington & Rockenbach, P.A., West Palm Beach, for appellee.
BATEMAN, THOMAS H., III, Associate Judge.
Appellant, The Place at Vero Beach, ("the Place") appeals an order denying its motion to compel arbitration and stay litigation. The Place was sued by Appellee, Patricia Hanson, individually and as personal representative of the estate of the deceased, Albert Williams. Williams was a patient at the Place, an assisted living facility, at the time of his death. The parties attempted mediation to resolve the case, and after the mediation failed, the Place filed a motion to compel arbitration and to stay the litigation. When Williams became a resident at the Place, the parties signed a Resident Admission Agreement (the Agreement) as part of the admissions process. The Agreement had a dispute resolution clause and arbitration was listed as one of the methods of resolution. The Agreement designated the American Health Lawyers Association ("AHLA") as the arbitration administrators. Following a hearing on the motion, the trial judge determined the burden of proof required by the AHLA impermissibly conflicted with the Florida Nursing Home Residents Act ("FNHRA"). The AHLA rules required that intentional or reckless misconduct by the Place be proven by clear and convincing evidence, while the FNHRA's required burden of proof is preponderance of the evidence. The trial court found the clause designating the AHLA as the administrators of the arbitration was not severable from the Agreement and denied the motion for arbitration. We agree with the trial court's ruling and affirm.
An order denying a motion to compel arbitration is reviewed de novo. King Motor Co. of Ft. Lauderdale v. Jones, 901 So.2d 1017 (Fla. 4th DCA 2005). "In determining whether a dispute is subject to arbitration, courts must consider three issues: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." Id.
In this case, the Agreement's arbitration provision provides:
Any disputes not settled by mediation within 60 days after a mediator is appointed shall be resolved by binding arbitration administered by the Alternative Dispute Resolution Service of the American Health Lawyers Association, and judgment may be entered in any court having jurisdiction thereof . . . This agreement shall be governed by and interpreted in accordance with the laws of the State of Florida . . . The arbitrator(s) may award compensatory and punitive damages, and with respect to punitive damages arising under Chapter 400, Florida Statutes, [Nursing Home Resident's Act] or abuse of the elderly, such punitive damages shall comply with the provisions of Florida Statutes 400.023(7) and (8) and Florida Statutes 768.735.
This court's recent decision in Blankfeld v. Richmond Health Care, Inc., sheds light on the issue before us. 902 So.2d 296 (Fla. 4th DCA 2005). The arbitration provision in Blankfeld stated: "[A]ny action, dispute, *775 claim or controversy of any kind . . . now existing or hereafter arising between the parties . . . shall be resolved by binding arbitration administered by the [AHLA]." Id. at 297-98. This court determined that AHLA Section 606 rendered the provision unenforceable. Id. at 298. Section 606 provides:
[T]he arbitrator may not award consequential, exemplary, incidental, punitive or special damages against a party unless the arbitrator determines, based on the record, that there is clear and convincing evidence that the party against whom such damages are awarded is guilty of conduct evincing an intentional or reckless disregard for the rights of another party or fraud, actual or presumed.
Id. However, the Nursing Home Resident's Act, found in section 400.023(2), Florida Statutes, calls for a preponderance of the evidence standard. Based on this difference, this court determined that the arbitration provision was unenforceable.
Unlike the provision in Blankfeld, the provision in the Agreement in this case stated it was governed by Florida law, addressed compensatory or punitive damages or attorney's fees, and referenced Chapter 400. The Place argues that the language in the provision stating, "[t]his agreement shall be governed by and interpreted in accordance with the laws of the State of Florida," means the parties have entered into a written agreement to vary the AHLA rules. The Place also argues that the language stating that an award which is tied to a violation of Chapter 400 should be in accord with Chapter 400, incorporates Florida law into the agreement. We disagree.
The arbitration provision in the Agreement does not constitute a written agreement to vary the AHLA rules. The language regarding Florida law is standard and is meant to guide an arbitrator in interpreting the rest of the agreement. Moreover, contrary to the Place's assertion, the provision does not read "arbitration `shall be governed by and interpreted in accordance with the laws of the state of Florida.'" We find the trial judge was correct in finding that the arbitration provision is in conflict with the NHRA and is unenforceable.
The Place argues further that the trial court, using the severability clause in the agreement, should have severed the portion of the arbitration agreement which detailed that the AHLA and its rules should be used in arbitrating any disagreement. "As a general rule, contractual provisions are severable, where the illegal portion of the contract does not go to its essence, and, with the illegal portion eliminated, there remain valid legal obligations." Fonte v. AT & T Wireless Servs., Inc., 903 So.2d 1019, 1024 (Fla. 2005).
The trial judge determined, unlike the agreement addressed in Fonte, he would have to rewrite the terms of the Agreement to give it effect. We find the trial court correctly refused to sever portions of the arbitration clause. While the Agreement did contain a severability clause, the clause allows provisions, not portions of provisions, of the Agreement to be severed. See Voicestream Wireless Corp. v. U.S. Comm., Inc., 912 So.2d 34 (Fla. 4th DCA 2005) (limitation of liability clause and exclusion of right to appeal arbitrator's decision were separate from the arbitration agreement and severable from the agreement). While in some cases offending sentences can be severed from a provision, these are instances in which there is no "interdependence between the arbitration clause and the remaining clauses of the agreement which would [require] *776 the trial court to rewrite or `blue pencil' the agreement." Healthcomp Evaluation Serv. Corp. v. O'Donnell, 817 So.2d 1095, 1097 (Fla. 2d DCA 2002). In this case, the arbitration clause is built around the Place's intent that the AHLA and its rules would control the arbitration. The trial judge correctly determined that he would be unable to simply sever a sentence from the provision, but would be forced to add the requirements that Chapter 400 and the Florida rules of arbitration would apply.
Based on the foregoing, we affirm the trial court's denial of the motion to compel arbitration and to stay litigation.
STEVENSON, C.J., and STONE, J., concur.