RAMIREZ, J.
McMillan/Miami, LLC., appeals from a final order denying its motion for attorney’s fees, after the court entered an agreed order dissolving a lis pendens and after the appellee, Krystal Capital Managers, LLC., etc., voluntarily dismissed its complaint. We reverse because the trial court incorrectly reasoned that it had to deny fees where no lis pendens bond had been posted.
Krystal Capital Managers, LLC., plaintiff below, served a complaint against McMillan/Miami and McMillan Investment Company, Ltd. seeking damages based on alleged claims of breach of contract, indemnity, fraud, and fraudulent conveyance, and the imposition of a constructive trust on commercial property that was the subject of the alleged fraudulent conveyance. Krystal alleged that it sold the property to McMillan Investment, and, as part of the sales agreement, Krystal received an indemnity for any action for a commission that could be asserted against Krystal. Krystal further alleged that McMillan Investment, for the purpose of defrauding Krystal, immediately re-sold the property to McMillan/Miami for little or no consideration and without any provision that McMillan/Miami undertake the indemnity provision in the original sales agreement. Krystal had been sued for a commission that it alleged was covered by the indemnity provision. McMillan Investment refused to undertake the defense of the commission lawsuit on the basis that it had sold the property to McMillan/Miami.
With its complaint, Krystal filed a notice of lis pendens on commercial property which was under a $45,000,000 sales agreement scheduled to close within days. On the Tuesday before the sale, MeMil-lan/Miami filed an emergency motion seeking to dissolve the lis pendens or, alternatively, requesting an evidentiary hearing to set a lis pendens bond. The trial court held emergency hearings and, before ruling as to the propriety of the lis pendens, entered an agreed order granting McMillan/Miami’s motion to dissolve lis pendens. Krystal agreed to the order based on a settlement with McMillan Investment and, as part of the settlement, Krystal filed a *314 notice of voluntary dismissal of the complaint with prejudice.
The closing on the property proceeded as scheduled. McMillan/Miami then filed a motion to tax costs and attorney’s fees against Krystal. The parties agreed to the taxation of costs, but Krystal contested the propriety of attorney’s fees either as part of the cost component or independent from the costs.
The trial court held that, because Krystal voluntarily dismissed the action, McMillan/Miami was the prevailing party and the voluntary dismissal was determinative of the merits. But the trial court further concluded that McMillan/Miami was not entitled to attorney’s fees because the lis pendens was dissolved prior to the posting of the bond, which the trial court believed was a prerequisite to an entitlement to the award of fees.
In S & T Builders v. Globe Props., Inc., 944 So.2d 302 (Fla.2006), the Florida Supreme Court concluded that section 48.23 of the Florida Statutes “permits a recovery of the attorney’s fees incurred in obtaining a discharge of a lis pendens.” Id. at 305. The court disapproved our decision in Wagner v. Birdman, 460 So.2d 463 (Fla. 3d DCA 1984), which had held that there was no statutory authority for the award of attorney’s fees in discharging a lis pendens. The Florida Supreme Court in S & T Builders reasoned:
Although attorney’s fees in actions for dissolution of injunctions are recoverable as damages, we have held that the damages recoverable for wrongfully obtaining an injunction are limited to the amount of the injunction bond. See Parker Tampa Two, Inc. v. Somerset Dev. Corp., 544 So.2d 1018, 1019 (Fla. 1989). In so holding, we noted that “[Ijimiting liability to bond amount ... provides an orderly step-by-step procedure whereby all parties can be continually apprised of the consequences of their actions.” Id. at 1021.
S & T Builders, 944 So.2d at 305. At first glance, this language would seem to bolster the trial court’s decision in our case. As damages are limited to the injunction bond, and there was no bond posted, no damages can be awarded, including fees.
The Florida Supreme Court rejected this same argument in Provident Management Corp. v. City of Treasure Island, 718 So.2d 738 (Fla.1998), where the City maintained that “where no injunction bond is posted no damages are recoverable.” Id. at 739. The Florida Supreme Court explained that the step-by-step procedure envisioned in Parker Tampa Two is inapplicable where no bond whatsoever is posted by a city. Clearly, the orderly process outlined in Parker Tampa Two breaks down where a party that has allegedly wrongfully obtained an injunction and abandons the effort before posting a bond. Otherwise, a party could fraudulently obtain an ex-parte injunction with impunity until it is forced to post a bond. The same analysis holds true for a lis pendens. In our case, for example, Krystal could have obstructed a $45 million real estate closing and escaped all liability simply by delaying the posting of the bond until the damage was done.
We therefore disagree that the posting of a bond is a prerequisite to an entitlement to the award of attorney’s fees, and that the recovery of attorney’s fees for the wrongful entry of a lis pendens is limited to the amount of a lis pendens bond. Entitlement to attorney’s fees is not contingent upon the posting of a lis pendens bond. Because section 48.23(3), Florida Statutes (2005), does not require the posting of a bond prior to the filing of a notice of lis pendens, a party cannot be allowed to file such a notice with impunity by not posting a bond. Here, the filing of the lis pendens *315 immediately created potential damages upon McMillan/Miami. McMillan/Miami had to retain counsel and file a motion to dissolve the lis pendens to allow the sale to proceed.
The fact that the trial court entered an agreed order to dissolve the lis pendens and the plaintiff subsequently dismissed its complaint with prejudice before it was required to post a bond, does not preclude the recovery of attorney’s fees. In so ruling, we express no opinion on the merits of McMillan/Miami’s motion. The trial court may still conclude that McMillan/Miami and McMillan Investments acted in concert in an attempt to defraud Krystal. We simply hold that the trial court erred in ruling that it had no authority to award fees in the absence of a bond.
We thus conclude that the posting of a bond is not a prerequisite to McMillan/Miami’s entitlement to an award of attorney’s fees in this action to dissolve a lis pendens. McMillan/Miami should be allowed to show that Krystal wrongfully filed its notice of lis pendens and that it incurred foreseeable damages in attempting to dissolve the lis pendens so as to be entitled to recover attorney’s fees. Therefore, we reverse and remand with directions to address the merits of McMillan/Miami’s motion for attorney’s fees.
Reversed and remanded.
ROTHENBERG, J., concurs.