TAYLOR, J.
 

 This appeal arises from actions to enforce a settlement agreement that was reached after seven years of probate litigation. Appellant Phyllis Carlin (Carlin) is the personal representative of the Estate of Bobbe L. Schubot. The deceased, Bobbe L. Schubot, was the mother of Carlin and appellee, Leslie Javorek (Javorek). Appellant and appellee are sisters. They both claim entitlement to prevailing party attorney’s fees under fee provisions of the settlement agreement. For the reasons discussed below, we conclude that Javorek is entitled to attorney’s fees under both the prevailing party provisions and under a provision giving her a special remedy for attorney’s fees.
 

 During probate proceedings, the Estate and Javorek engaged in litigation over the distribution of assets and disclosure of the deceased’s medical records. According to Javorek, her mother’s medical records were necessary to the treatment and diagnosis of Javorek’s medical conditions.
 

 In 2003, the trial court ordered Carlin to grant Javorek possession and access to her mother’s medical records. The trial court
 
 sua sponte
 
 vacated the order, in an effort to facilitate mediation, and reserved jurisdiction to rule on medical records if mediation was unsuccessful.
 

 In 2006, the court ordered Carlin to submit to Javorek within thirty days the location of all of her mother’s medical records from the last four months of her life and all of her pharmaceutical-medical records from the last five years of her life. Carlin filed a petition for writ of certiorari with this court, which was denied for failure to show irreparable harm. The order was in effect until the parties entered into a settlement agreement.
 

 In 2007, the parties entered into a settlement agreement, and the court reserved jurisdiction to enforce the provisions of the agreement. The dispute in this appeal arises from Paragraph Eleven of the Settlement Agreement, which required Carlin to provide Javorek with certain medical documents, a legible list of medical care providers, and a signed HIPAA release within forty-five days. The failure to do so would result in an order to comply and a duty to pay attorney’s fees. Paragraph Eleven stated the following:
 

 Within FORTY FIVE (45) days of approval of this agreement the estate shall deliver to [Javorek] legible copies of all of the medical records of Bobbe Schubot in its custody, along with HIP-PA [sic] Releases for [Javorek] to be prepared by [Javorek’s] attorney for [Carlin] to execute so that [Javorek] and [Carlin] might obtain, if either wishes and at their own expense, any remaining records of Bobbe
 
 Schubot.... If [Carlin] fails to provide the medical records and legible list within the time period
 
 
 *822
 

 specified, she agrees to the immediate entry of an order by the Circuit Court requiring her to comply within ten (10) days from the date of the order and to pay reasonable attorneys fees
 
 incurred by [Javorek] attendant to said order.
 

 (Emphasis added).
 

 In 2008, Javorek filed a motion to compel compliance with Paragraph Eleven of the Agreement. Javorek alleged that Carlin violated the Agreement by failing to turn over medical records and by not executing a medical release form. The court held an adversary hearing on Javorek’s motion to compel compliance. The court found that Carlin did not breach the Agreement by failing to provide medical records, but that Carlin did breach the Agreement by failing to sign the release form. However, the trial court found that Carlin’s breach was not material and that she substantially complied with her duties under the Agreement. The court held each party responsible for her own attorney’s fees and costs and ordered Carlin to execute the medical release form prepared by Javorek.
 

 At the hearing, the trial court stated the following:
 

 In any event, we’re going to indicate that [Carlin] did in fact breach the agreement, in fact did not provide the HIPAA Form, although candidly [Javo-rek] did not utilize it or attempt to utilize it and the language on the agreement probably would not have made any difference, but that’s not the issue. The issue is [Carlin] didn’t do it. On the other hand, she did provide the medical records. She did not materially breech [sic] and the evidence does in fact show she substantially complied.
 

 Each side will bear their own attorney’s fees. ment but, in fact, substantially complied with its terms. Each of the party’s respective claims for attorney’s fees are denied and the parties are directed to bear their own respective fees and costs.
 

 In the written order, the trial court stated: The Court finds that [Carlin] did not materially breach the Settlement Agree-
 

 Carlin appealed the trial court’s order, which determined that the parties were responsible for their own attorney’s fees and costs. Carlin argues that she was entitled to attorney’s fees as the prevailing party. Specifically, Carlin argues that Paragraph Two of the Agreement provides that the prevailing party is entitled to recover attorney’s fees in any such enforcement action. The prevailing party attorney’s fee provision provided: “In any such proceeding, the prevailing party shall be entitled to an award of counsel fees and costs incurred in enforcing the terms of the settlement and releases.” She argues that she was the prevailing party because Javorek failed to prove a material breach and damages.
 

 Javorek cross-appealed, arguing that she was entitled to attorney’s fees under Paragraph Eleven of the agreement, and that she was additionally entitled to prevailing party attorney’s fees under Paragraph Two of the Agreement. She further argues that the trial court erred in finding that Carlin’s breach was not material.
 

 The standard of review for an award of attorney’s fees is abuse of discretion.
 
 Glantz & Glantz, P.A. v. Chinchilla,
 
 17 So.3d 711, 713 (Fla. 4th DCA 2009). However, when the entitlement to attorney’s fees is based on the interpretation of contractual provisions, appellate courts undertake a
 
 de novo
 
 review.
 
 Stevens v. Zakrzewski,
 
 826 So.2d 520, 521 (Fla. 4th DCA 2002) (citing
 
 Gibbs Constr. Co. v. S.L. Page Corp.,
 
 755 So.2d 787, 790 (Fla. 2d DCA 2000)). The trial court’s determination that the parties were responsible for their own attorney’s fees necessarily involves the interpretation of the Agreement.
 

 
 *823
 
 We conclude that the trial court did not err in failing to award attorney’s fees and costs to Carlin. A careful review of the two attorney’s fee provisions shows that the parties intended the attorney’s fee provision in Paragraph Eleven to govern if the dispute involved Carlin’s failure to deliver medical records or releases. Because Javorek was successful in her motion to compel compliance with Paragraph Eleven, Carlin was not entitled to attorney’s fees under Paragraph Eleven.
 

 As to the cross-appeal filed by Ja-vorek, we find that the trial court did err in failing to award Javorek’s reasonable attorney’s fees under Paragraph Eleven of the Agreement for her efforts in securing Carlin’s compliance with the Agreement. The trial court found that Carlin did, in fact, breach the Agreement by not providing Javorek with a HIPAA release, as required by the Agreement. However, the trial court erred in determining that Carlin’s breach as a whole was not material. Carlin’s breach in failing to timely provide all of her mother’s medical records and failing to provide an appropriate HIPAA release was material. Thus, Javorek was entitled to fees as the prevailing party and as a special remedy for having to compel compliance under Paragraph Eleven of the Agreement.
 

 Accordingly, we affirm the denial of attorney’s fees and costs to Carlin but reverse and remand the case with directions to award Javorek her reasonable attorney’s fees under Paragraph Eleven of the Agreement and as the prevailing party.
 

 Affimed in part, and Reversed and Remanded in part.
 

 CIKLIN, J. and BLANC, PETER A., Associate Judge, concur.