MAY, J.
 

 A homeowner appeals a final judgment denying her claim to have a deed declared null and void. In a separate appeal, the purchaser of the property appealed an order denying his request for attorney’s fees. We have
 
 sua sponte
 
 consolidated the two appeals. We affirm the final judgment in case number 4D09-4387. We reverse the trial court’s order denying the purchaser’s motion for attorney’s fees in case number 4D10-1686.
 

 
 *138
 
 The origin of this action was a foreclosure action when the homeowner failed to make mortgage payments. To avoid the foreclosure, the homeowner and her husband approached the purchaser to buy the home and convert it into a boarding house. They verbally agreed to a purchase price of $61,000.
 

 The purchaser had difficulty obtaining a loan because of the home’s severe disrepair, mortgage arrears, and liens for unpaid expenses. The parties subsequently modified the verbal agreement to require the purchaser to bring the existing mortgage current, and make the monthly payments. In exchange, the homeowner executed a quit claim deed to the purchaser in the presence of a notary and two witnesses.
 

 The purchaser then made a $7,000 payment to the mortgage company to stop the foreclosure, informally assumed the loan by taking over the mortgage payments, paid the property taxes, incurred other expenses to make the home habitable and rentable, and recorded the deed. The parties further agreed that the purchaser would refinance the loan at an unspecified time in the future. The homeowner filed a lis pendens, which prevented the purchaser from being able to refinance the property-
 

 The homeowner then filed suit to declare the quit claim deed invalid, claiming that only one witness was present at the deed signing and that she was fraudulently induced to execute the deed. She further alleged that the purchaser failed to pay off the mortgage and had received profits from renting the property.
 

 The matter' was heard nonjury. The trial court found no evidence of fraud or misrepresentation by the purchaser and that the deed had been properly executed and witnessed. The court further found that, even if the deed had not been properly executed and witnessed, the purchaser had no notice of the defect and relied upon the validity of the deed when he brought the mortgage current and invested time, labor, and resources to repair the property-
 

 On appeal, the homeowner argues the trial court erred in its findings and that she should not have been estopped from requesting that the deed be declared invalid. The purchaser responds that the homeowner’s failure to provide a transcript defeats any argument based upon the trial court’s factual findings. The purchaser further argues that, while the trial court did not rely on estoppel in entering the final judgment, the purchaser proved the elements of estoppel.
 

 “The findings of the trial court arrive on appeal cloaked with the presumption of correctness and, as long as competent substantial evidence exists to support its determinations, the appellate court should affirm.”
 
 Gen. Motors Acceptance Corp. v. Laesser,
 
 791 So.2d 517, 520 (Fla. 4th DCA 2001) (citing
 
 Oceanic Int'l Corp. v. Lantana Boatyard,
 
 402 So.2d 507, 511 (Fla. 4th DCA 1981)). We find no error in the trial court’s rulings and affirm.
 

 In the second consolidated appeal, the purchaser argues he is entitled to attorney’s fees under Florida Rule of Appellate Procedure 9.410 as a sanction, and under section 48.23, Florida Statutes (2009). We agree with the purchaser that the trial court should have awarded fees under section 48.23. We do not reach the issue of whether the fees were properly imposed as a sanction because we hold that section 48.23 authorizes an award of attorney’s fees under the circumstances presented here.
 

 In
 
 S & T Builders v. Globe Properties, Inc.,
 
 944 So.2d 302 (Fla.2006), our
 
 *139
 
 supreme court held an “award of attorney’s fees incurred in discharging a lis pendens is statutorily authorized” under section 48.28(3), Florida Statutes.
 
 Id.
 
 at 804. Because the dissolving of an injunction constitutes an adjudication on the merits, a reasonable attorney’s fee is a form of recoverable damage covered by a bond posted for the issuance of the injunction.
 
 Id.
 
 at 304-05.
 

 The homeowner argues that
 
 S & T Builders
 
 is distinguishable because no bond was posted in this case. We disagree.
 

 In
 
 McMillan/Miami, LLC. v. Krystal Capital Managers, LLC.,
 
 1 So.3d 312 (Fla. 3d DCA 2009), the Third District held “[ejntitlement to attorney’s fees is not contingent upon the posting of a lis pendens bond. Because section 48.23(3), Florida Statutes (2005), does not require the posting of a bond prior to the filing of a notice of lis pendens, a party cannot be allowed to file such a notice with impunity by not posting a bond.”
 
 Id.
 
 at 314.
 

 We agree with the Third District’s holding in
 
 McMillan.
 
 We therefore reverse the trial court’s order denying the purchaser attorney’s fees under section 48.23. Because the dissolving of a lis pendens operates as an adjudication of its validity, a property owner should be entitled to attorney’s fees whether or not a bond was posted.
 

 Affirmed in part and Reversed in part.
 

 DAMOORGIAN and LEVINE, JJ., concur.