STEVENSON, J.
Cecilia Lopez, by and through her attorney-in-fact Bernardo Lopez (“Estate”), appeals an order granting Andie’s, Inc.’s, *529 d/b/a Willow Manor Retirement Home, motion to compel arbitration.[1] Because the terms of the agreement substantially diminishes Estate’s statutory rights under the “Assisted Living Facilities Act,” Chapter 429, Florida Statutes (2010), we reverse.
In Blankfeld v. Richmond Health Care, Inc., 902 So.2d 296, 297 (Fla. 4th DCA 2005) (en banc), this court held an arbitration agreement void as contrary to public policy because the arbitration agreement “substantially limit[ed] the remedies created by the Nursing Home Residents Act [NHRA].” The arbitration agreement stated that all disputes would be resolved by binding arbitration administered by the National Health Lawyers Association (“NHLA”).[2] Id. At issue was section 606 of the NHLA rules, which stated that an “arbitrator may not award consequential, exemplary, incidental, punitive or special damages against a party unless ... there is clear and convincing evidence that the party against whom such damages are awarded is guilty of conduct evincing an intentional or reckless disregard for the rights of another party or fraud, actual, or presumed.” Id. at 298. This court noted, however, that “[r]equiring clear and convincing evidence of intentional or reckless misconduct effectively eliminates recovery for negligence, and is contrary to the Nursing Home Residents Act .[3] Id. (emphasis added). By forcing a patient or representative to rely on NHLA rules, “some of the remedies provided in the legislation for negligence would be ... for all intents and purposes [] eliminated.” Id. Thus, this court found the agreement contrary to public policy. Id. at 299.
The instant case presents a similar situation to that in Blankfeld. In connection with her admission to Willow Manor Retirement Home, Ms. Lopez signed an arbitration agreement providing that any controversy or dispute between the parties would be resolved by arbitration as provided by the American Health Lawyers Association (“AHLA”) alternative dispute resolution rules. In February of 2011, she was found to have sustained a severe fracture in her right arm. Lopez later filed a complaint alleging a deprivation of rights under the Assisted Living Facilities Act (“ALFA”), “a remedial statute closely akin to the NHRA.” Alterra Healthcare Corp. v. Bryant, 937 So.2d 268, 266 (Fla. 4th DCA 2006).
Like section 400.023 of the NHRA, section 429.29(2) of the ALFA provides that claims for a violation of a resident’s rights or for negligence may be proved by “a preponderance of the evidence.” § 429.29(2), Fla. Stat. (2006). Perhaps attempting to rectify the problems identified in Blankfeld, rule 6.06 of the AHLA rules was revised in July 2010 to provide that the “clear and convincing” standard would apply only to the award of “consequential, *530 exemplary or special damages” in a tort action.[4] Nevertheless, the revision did nothing to erode rule 6.06’s improper elevation of the burden of proof on a resident’s potential recovery since “consequential” damages and occasionally even “special” damages are terms used to describe compensable losses in negligence actions as well as other tort claims. See Lochrane Eng’g, Inc. v. Willingham Real-growth Inv. Fund, Ltd., 552 So.2d 228, 233 (Fla. 5th DCA 1989) (consequential damages in tort claim); Gellert v. E. Air Lines, Inc., 370 So.2d 802, 807 (Fla. 3d DCA 1979) (same); Sales Careers, Inc. v. Atrium Office Park, Inc., 318 So.2d 534, 535 (Fla. 3d DCA 1975) (special damages in tort claim).
In conclusion, we hold that the trial court erred in granting the motion to compel arbitration. We also find that the offending “portion” of the subject provisions in AHLA rule 6.06 is not severable from the rest of the arbitration agreement. See Place at Vero Beach, Inc. v. Hanson, 953 So.2d 773, 775-76 (Fla. 4th DCA 2007).[5]

Reversed and remanded.

CIKLIN and KLINGENSMITH, JJ., concur.

. While this appeal was pending, Ms. Lopez died.

. During the proceedings in Blankfeld, the National Health Lawyers Association changed its name to the American Health Lawyers Association.

. The Nursing Home Resident’s Act provides in section 400.023 that
(2) In any claim brought pursuant to this part alleging a violation of resident’s rights or negligence causing injury to or the death
of a resident, the claimant shall have the burden of proving, by a preponderance of the evidence, that:
(a) The defendant owed a duty to the resident;
(b) The defendant breached the duty to the resident;
(c) The breach of the duty is a legal cause of loss, injury, death, or damage to the resident; and
(d) The resident sustained loss, injury, death or damage as a result of the breach.
§ 400.023(2)(a)-(d), Fla. Stat. (2001).

. AHLA Rules of Procedure for Arbitration, https://www.healthlawyers.org/hlresources/ ADR/Documents/Arbitration5 lfRules05.31. 2012iinal.pdf (last visited March 12, 2014).

. Indeed, the appellee in the instant case has not argued for severance and has stated that it "is not requesting that this Court add entirely new standards, rules, and/or burdens of proof.”