*767 ON MOTION FOR REHEARING
Klingensmith, J.
We grant appellees’ motion for rehearing, deny rehearing en banc and certification, and withdraw our previous opinion. We hereby substitute the following.
In a previous appeal, we affirmed the trial court’s order dissolving a temporary injunction entered in favor of Vital Pharmaceuticals, Inc. (“VPX”) and against the appellees who are two former employees of the company. Vital Pharms., Inc. v. Prof'l Supplements, LLC, 114 So.3d 952, 952 (Fla. 4th DCA 2013). In this appeal, appellant VPX now challenges the court’s order granting those appellees’ entitlement to attorneys’ fees as damages stemming from the issuance of that wrongful injunction. Because the injunction was deficient as a matter of law and the statute relied on by appellees makes damages unrecoverable, we reverse.
VPX initially filed its underlying complaint against appellees, who include the former employees and their new employer, for various claims of tortious interference as well as alleged breaches of the employees’ non-compete agreements with VPX. At the same time, VPX also sought an emergency injunction to stop the former employees from continuing to work for the competing business. The trial court granted the temporary injunction, albeit without requiring VPX to post a bond as required by Florida Rule of Civil Procedure 1.610(b) and section 542.335(l)(j), Florida Statutes (2012). After another hearing, the trial court issued an order dissolving the temporary injunction without providing any specific reason for doing so. Thereafter, appellees moved to recover damages resulting from the injunction under section 60.07, Florida Statutes (2012). Based on evidence presented at multiple hearings, the trial court awarded the former employees $34,202.44. This appeal of that award followed.
VPX’s arguments in this appeal are essentially the same as those made at the entitlement hearing. In opposing appellees’ entitlement to damages resulting from the wrongful injunction, VPX asserts that ap-pellees were not entitled to any award since the absence of a bond made the injunction unenforceable, as any award was limited by law to an amount not exceeding the amount of the injunction bond. VPX submits, therefore, that because there was no bond, appellees could not recover on their claim for damages. Based on the language of rule 1.610(b), we agree.
“A party’s entitlement to an award of attorneys’ fees under a statute or a procedural rule is a legal question subject to de novo review.” Nathanson v. Morelli, 169 So.3d 259, 260 (Fla. 4th DCA 2015).
Rule 1.610(b) provides:
(b) Bond. No temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined. When any injunction is issued on the pleading of a municipality or the state or any officer, agency, or political subdivision thereof, the court may require or dispense with a bond, with or without surety, and conditioned in the same manner, having due regard for the public interest. No bond shall be required for issuance of a temporary injunction issued solely to prevent physical injury or abuse of a natural person.
Fla. R. Civ. P. 1.610(b) (emphasis added).
Additionally, section 60.07 provides that “[i]n injunction actions, on dissolution, the court may hear evidence and assess damages to which a defendant may be entitled *768 under any injunction bond, eliminating the necessity for an action on the injunction bond if no party has requested a jury trial on damages.” (Emphasis added).
Considering these two provisions together, section 60.07 presupposes the existence of a bond because an injunction order requires a bond under rule 1.610(b) and is subject to dissolution until a bond is posted. Florida case law also supports this position. In Hathcock v. Hathcock, 533 So.2d 802, 804 (Fla. 1st DCA 1988), one of the reasons why the First District found a temporary injunction order in a dissolution proceeding to be deficient was that “the trial court failed to impose the bond requirements of Rule 1.610(b),” Consequently, the appellate court denied the appellant’s claim for damages (including attorney’s fees) resulting from the erroneous injunction, reasoning that such damages were not awardable under section 60.07 because there was no injunction bond filed. Id. As the Hathcock court explained:
Finally, appellant claims that he is entitled, on reversal and remand to the trial court, to compensatory and punitive damages and attorney’s fees as determined by the trial court based upon the erroneous issuance of the temporary order. As authority, appellant cites to Carpenters District Council of Jacksonville v. Waybright, 282 So.2d 193 (Fla. 1st DCA 1973), and Braun v. Intercontinental Bank, 452 So.2d 998 (Fla. 3d DCA 1984). Both cases rely upon Section 60.07, Florida Statutes, in holding that a defendant is entitled to recover damages (including attorney’s fees) which resulted from the issuance of the temporary injunction. However, fatal to appellant’s reliance upon the above authorities is the fact that Section 60.07 allowing the court in the main suit to determine and award damages upon dissolution of an injunction applies only where an injunction bond has been filed. See Hoffman v. Barlly, 97 So.2d 355 (Fla. 3d DCA 1957). Thus, any remedy appellant might have for damages for the erroneous issuance of the subject order must lie elsewhere than in the instant suit.
Id. (emphasis added) (footnote omitted).
Likewise, in Ross v. Champion Computer Corp., 582 So.2d 152, 153 (Fla. 4th DCA 1991), this court opined on a party’s ability to recover damages in the absence of a bond in light of our supreme court’s precedent in Parker Tampa Two v. Somerset Development Corp., 544 So.2d 1018 (Fla. 1989):
Parker stands for the proposition that if any damages incur to the party against whom an injunction is issued, where such injunction is later determined to have been wrongfully issued, the damages recoverable are limited to the amount of the bond, if any, required upon the issuance of the injunction. In the instant case, if it is later determined, upon a full hearing and the presentation of further evidence, that Champion’s injunction was wrongfully obtained, appellant would not be able to collect any damages, as there was no bond required.
Ross, 582 So.2d at 153 (emphasis added); see also Highway 46 Holdings, LLC v. Myers, 114 So.3d 215, 223 (Fla. 5th DCA 2012) (“[I]n the event no bond is posted, the wrongfully enjoined party, if any, is without recourse as to damages stemming from the wrongful injunction.”).
Here, appellees specifically sought damages under section 60.07. Section 60.07 allows “the court in the main suit to determine and award damages upon dissolution of an injunction,” but only where an injunction bond has been filed. Hathcock, 533 So.2d at 804. As a result, we reiterate *769 the First District’s observation in Bath-cock that any remedy appellees might have must “lie elsewhere than in the instant suit.” Id.

Reversed.

Gerber and Levine, JJ., concur.