DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PREMIER COMPOUNDING PHARMACY, INC.**,
a Florida corporation,
Appellant,

v.

**ERIC LARSON,**
Appellee.

No. 4D17-1318

[June 13, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Joseph Marx, Judge; L.T. Case No. 502015CA011740XXXXMBAN.

Raymond M. Christian of Raymond M. Christian, P.A., Palm Beach Gardens, and Bard D. Rockenbach of Burlington & Rockenbach, P.A., West Palm Beach, for appellant.

Jill G. Weiss of Jill G. Weiss, P.A., Palm Beach Gardens, and Robin Bresky and Jeremy Dicker of the Law Offices of Robin Bresky, Boca Raton, for appellee.

WARNER, J.

After succeeding in obtaining an injunction against the appellee for violation of a non-compete agreement, appellant moved for attorney's fees under the terms of the agreement. The trial court denied the fees, refusing to enforce the attorney's fee provision of the agreement. At the hearing on appellant's motion, the court found the agreement invalidly permitted the appellant to obtain a temporary injunction without posting a bond, noting the attorney's fees provision was contained within the same paragraph as the impermissible "injunctive relief without the posting of a bond" language. We reverse, because the attorney's fees provision is enforceable.

Appellee Eric Larson, a licensed pharmacist, entered into an employment contract with the appellant, Premier Compounding Pharmacy, Inc. The agreement contained sections prohibiting appellee from releasing or divulging appellant's confidential information (Paragraph

9), a non-compete agreement (Paragraph 10), and an agreement to secure to the employer any developments or patents produced by the employee during the term of his employment (Paragraph 11). Paragraph 12 of the agreement, entitled "Injunction without Bond," allowed the appellant to obtain an injunction for a violation of paragraphs 9, 10, and 12 of the non-compete agreement. It also contained a provision for attorney's fees, providing in part:

> [A] breach of the covenants contained in Paragraphs 9, 10 and 12 of this Agreement will result in irreparable injury to Employer and the only appropriate remedy for such breach would be an injunction. Thus, in the event there is a breach or threatened breach by the Employee of the provisions of paragraphs 9, 10 and 12, the Employer shall be entitled to seek and obtain injunctive relief without the posting of a bond to restrain the Employee from disclosing in whole or in part any confidential matters or from rendering service to any person, firm, corporation, association or other entity, or from claiming ownership to any invention or development or failing to provide further assurances, **and the Employer will be entitled to reimbursement for all costs and expenses, including reasonable attorney's fees (both at the trial and appellate levels) in connection therewith . . . .**

(emphasis added). The agreement also contained a severability clause which stated:

> If any provision of this Agreement, the deletion of which would not adversely affect the receipt of any material benefit by or in favor of any party or substantially increase the burden of any party to this Agreement, shall be held to be invalid or unenforceable to any extent, the same shall not affect in any respect whatsoever the validity or enforceability of the remainder of this Agreement.

In 2015, appellant filed a complaint for injunctive relief, alleging that the appellee was discharged and then solicited one of appellant's referring physicians. It claimed appellee was employed with a local competitor as a pharmacist. Appellant sought to enforce its non-compete restrictions through temporary and permanent injunctive relief, requesting attorney's fees and costs, as well as monetary damages.

After a hearing, the court granted Premier temporary injunctive relief. Appellee appealed the temporary injunction, but he voluntarily dismissed

the appeal. Appellee then moved for entry of final judgment, requesting the court to find that the non-compete provision was reasonable. The court entered a final judgment of injunctive relief for appellant, reserving its jurisdiction to determine entitlement to attorney's fees and costs.

Appellant moved for attorney's fees and costs, arguing it was the prevailing party and entitled to fees under the employment agreement, particularly paragraph 12, and section 542.335, Florida Statutes (2016). Appellee contended that because paragraph 12 invalidly allowed the issuance of an injunction without bond, it was unenforceable under section 542.335(1)(j), Florida Statutes (2016). He claimed that this would invalidate the entire paragraph, which should be severed from the employment agreement. After a hearing, the trial court accepted appellee's interpretation and denied the motion for attorney's fees. Appellant now appeals. We review de novo a party's entitlement to fees based on the interpretation of contractual provisions. *Carlin v. Javorek*, 42 So. 3d 820, 822 (Fla. 4th DCA 2010).

"As a general rule, contractual provisions are severable, where the illegal portion of the contract does not go to its essence, and, with the illegal portion eliminated, there remain valid legal obligations." *Fonte v. AT&T Wireless Servs., Inc.*, 903 So. 2d 1019, 1024 (Fla. 2005). While paragraphs within a contract may differ from individual provisions or phrases, we examine the contract as a whole to determine the parties' intent. *Lalow v. Codomo*, 101 So. 2d 390, 393 (Fla. 1958).

The essence of paragraph 12 is the employer's entitlement to seek an injunction to prevent the employee from breaching the non-compete clause of the contract.[1] Without the right to obtain an injunction to prevent the employee from working for a competitor, the employment agreement would never protect the employer from an employee who began working for a competitor or taking the employer's customers and secrets. The contract itself states that breach of the various agreements would constitute "irreparable injury" to the employer. Although the paragraph specifies that the "Employer shall be entitled to seek and obtain injunctive relief without the posting of a bond to restrain the Employee," the words "without the posting of a bond" can be eliminated, and valid legal obligations remain. While section 542.335(1)(j) provides a *temporary* injunction requires a

---

[1] While appellee also points to the caption of the paragraph of "Injunction without Bond" as reason to strike the entire provision, section 17 of the agreement provides that, "The captions used in this Agreement are solely for the convenience of the parties and are not used in construing this Agreement." Consistent with that term, we do not use the caption to construe the essence of the agreement.

bond, and a contractual provision waiving a bond will not be enforced, no bond is required for a *permanent* injunction. Thus, the "no bond" requirement is very limited. The appellant obtained a permanent injunction to secure its very important right to enforce the non-compete clause of the contract.

If paragraph 12 is invalid in its entirety because of the "no bond" requirement for a temporary injunction, then appellant would not be entitled to any injunction at all. Yet, even appellee recognized that appellant could enjoin him from competition pursuant to the terms of the agreement, as appellee himself moved for the entry of a permanent injunction.

Moreover, the severance clause permits the remainder of the contract to stand if the "no bond" requirement is eliminated. It provides that, "If any provision of this Agreement . . . shall be held to be invalid or unenforceable **to any extent**, the same shall not affect in any respect whatsoever the validity or enforceability of the remainder of this Agreement." (emphasis added). Thus, because the extent of the unenforceability of the provision goes solely to the "no bond" requirement of the injunction, the remainder of the provision and the agreement is still enforceable, including the attorney's fees provision.

In very similar factual circumstances, the court in *Smart Pharmacy, Inc. v. Viccari*, 213 So. 3d 986, 991-92 (Fla. 1st DCA 2016), reversed the denial of a temporary injunction which Smart Pharmacy sought to enforce a non-compete agreement, remanding for entry of the injunction after the determination of an appropriate bond. In a footnote, the court addressed the enforceability of the contractual provision which allowed the employer to seek a temporary injunction without bond, concluding that it did not invalidate the remaining provisions of the agreement:

> Although Viccari's noncompete agreement provided that it could be enforced "without [Smart Pharmacy] having to post bond or other security," this provision is unenforceable. *See* § 542.335(1)(j), Fla. Stat. ("[T]he court shall not enforce any contractual provision waiving the requirement of an injunction bond or limiting the amount of such bond."). This provision does not, however, render the entire noncompete agreement unenforceable as Appellees contend. First, **the statute** does not preclude the court from enforcing the agreement in its entirety, but rather **only prohibits enforcement of the "contractual *provision* waiving the requirement of an injunction bond**" (emphasis added).

4

>Second, the noncompete agreement contained a severability clause providing that the invalidity of a provision of the agreement would not affect the validity and enforceability of the remainder of the agreement.

*Id.* at 991 n.4 (italics original, bold emphasis added). The court did not conclude that no injunction could issue, but simply required that a bond be issued prior to the entry of a temporary injunction.

In its written order denying the fees, the trial court cited only *Vital Pharmaceuticals, Inc. v. Professional Supplements, LLC*, 210 So. 3d 766 (Fla. 4th DCA 2017). The trial court's reliance on *Vital Pharmaceuticals* to support the denial of fees is misplaced. There, this court found that the defendants, former employees of the plaintiff employer were not entitled to an award of damages following the dissolution of a temporary injunction wrongfully entered against them. *Id.* at 767-68. The employer never posted a bond for its temporary injunction, and section 60.07, Florida Statutes, provided that "[i]n injunction actions, on dissolution, the court may hear evidence and assess damages to which a defendant may be entitled **under any injunction bond**, eliminating the necessity for an action on the injunction bond if no party has requested a jury trial on damages." *Id.* We found the statute "presupposes the existence of a bond because an injunction order requires a bond under rule 1.610(b) and is subject to dissolution until a bond is posted." *Id.* at 768. Thus, if a temporary injunction is wrongfully issued without a bond, then the party against whom the injunction is entered is not able to collect damages under a bond upon dissolution of the injunction. *Id.*

The present case is distinguishable from *Vital Pharmaceuticals*. There, the employee who succeeded in defeating the temporary injunction sought attorney's fees pursuant to statute, not a contractual provision authorizing fees. However, in this appeal, the party who successfully obtained a *permanent* injunction is seeking attorney's fees. Furthermore, appellant's argument is based on the employment contract and the specific provision for attorney's fees in the contract, not section 60.07, Florida Statutes.

Finally, we distinguish *Place at Vero Beach, Inc. v. Hanson*, 953 So. 2d 773, 775 (Fla. 4th DCA 2007), which the appellee cites to argue that the severance "clause allow[ed] *provisions, not portions of a provisions*, of the Agreement to be severed." (emphasis in original). In other words, he contends the court correctly struck the entirety of paragraph 12. In *Hanson*, we found the trial court did not err by refusing to sever only portions of an arbitration clause and instead invalidating the entire arbitration provision. *Id.* We noted severance of individual parts of the

5

provision would be proper only if "there [was] no 'interdependence between the arbitration clause and the remaining clauses of the agreement which would [require] the trial court to rewrite or 'blue pencil' the agreement.'" *Id.* at 775-76 (quoting *Healthcomp Evaluation Serv. Corp. v. O'Donnell*, 817 So. 2d 1095, 1097 (Fla. 2d DCA 2002)). In contrast, here, the severance clause permits severance of any provision only to the extent of its invalidity, which in this case is the "no bond" requirement. There is no interdependence between the offending clause and the remaining provisions, either within paragraph 12 or other provisions in the agreement. Thus, the trial court was not required to rewrite the agreement in any respect other than to eliminate the "no bond" requirement.

The trial court erred in denying the motion for attorney's fees. The provision of the agreement authorizing the award of fees for this permanent injunction, stipulated to by appellee, is not invalid. We therefore reverse and remand for a hearing to determine the amount of fees.

*Reversed and remanded for further proceedings.*

GROSS and TAYLOR, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***