# Third District Court of Appeal

## State of Florida

Opinion filed April 28, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-44
Lower Tribunal Nos. 18-3091 SP, 19-170 AP
_____

**Alina Nuñez, et al.,**
Appellants,

vs.

**Aviv Air Conditioning, Inc., et al.,**
Appellees.

An Appeal from the County Court for Miami-Dade County, Luis Perez-Medina, Judge.

Eric J. Sanchez, P.A., and Eric J. Sanchez, for appellants.

Law Offices of Kawass, P.A., and Kristen A. Kawass, for appellees.

Before EMAS, C.J., and HENDON and MILLER, JJ.

HENDON, J.

The plaintiffs below, Roberto Nuñez, Gloria Nuñez, and Alina Nuñez

("Landlords"), appeal from the trial court's order granting the motion for summary judgment filed by Aviv Air Conditioning, Inc. ("Tenant") and Aylec M. Sarduy, who personally guaranteed the commercial lease (collectively, "Defendants"), and dismissing with prejudice the breach of contract action filed by the Landlords against the Defendants. We reverse the order under review and remand for further proceedings consistent with this opinion.

This appeal stems from an action filed by the Landlords, asserting that the Tenant breached a commercial lease ("Lease"). Although the Lease was set to expire on December 31, 2018, the Tenant vacated the leased premises at the end of January 2018, and failed to pay the rent due in December 2017 and February 2018. The Defendants sought to be released from their obligations under the Lease by forfeiting their $2,500 security deposit, demanding that their security deposit be applied to the overdue rent. The Defendants asserted that the Landlords' remedy for any "Event of Default," which includes the failure to pay rent and the vacating of the premises during the term of the Lease, is to retain the Tenant's $2,500 security deposit. The Lease provides, in relevant part, as follows:

1.1 Basic Lease Terms

. . . .

(k) "Security Deposit": . . . . The security deposit is to ensure Tenant's compliance with all terms and conditions of this Lease and, in the event of default under this Lease by

2

Tenant, may be applied towards compensation to Landlord for any damages suffered. . . . Tenant may never apply this deposit as rent unless authorized to do so in writing by the landlord.

. . . .

16.1 "Event of Default" Defined

Any one or more of the following events shall constitute an "Event of Default":

(a) The failure of Tenant to pay any rent . . . .

. . . .

(c) The vacating or abandonment of the Premises by Tenant at any time during the Term of this Lease . . . .

. . . .

16.2 Remedies

Landlord's sole remedy shall be to retain the option deposit subject to the terms and conditions of this Lease and the Contract for Sale and Purchase, if any. Landlord shall have all the remedies as provided in Florida Statute 83, including those with regard to Tenant's property.

After the action was filed, the Defendants filed a Motion for Attorney's Fees and Sanctions Pursuant to Section 57.105 ("Motion for Attorney's Fees and Sanctions"), requesting that the trial court dismiss the action with prejudice and enter sanctions, including attorney's fees and costs, against the Landlords. Although the trial court denied the Motion for Attorney's Fees and Sanctions, the trial court stated that, because the leased premises had been rented to a new tenant by March 15, 2018, the Landlords lost the ability to recover from the Defendants the full amount of

the rent due under the Lease. The trial court determined that the most the Landlords could recover was the rent due for December 2017, February 2018, and fifteen days in March 2018, which totaled $3,125. The trial court, however, determined that pursuant to paragraph 16.2 of the Lease, which provides that the Landlords' "sole remedy" for any "Event of Default" is "to retain the option deposit," the Landlords' "recovery was capped at $2,500, the amount held as security deposit for the Premises."

The Defendants then moved for summary judgment. Following a hearing, the trial court entered an order granting the Defendants' motion for summary judgment and dismissing with prejudice the Landlords' lawsuit against the Defendants, and ordering each party to bear their own attorney's fees and costs. The Landlords' appeal followed.

The Landlords contend that the trial court erred by granting summary judgment in favor of the Defendants and dismissing the action with prejudice based on trial court's erroneous determination that paragraph 16.2 of the Lease caps the Landlords' damages for the Tenant's breach of contract to the Tenant's $2,500 security deposit.[1] We agree.

---

[1] This court reviews the trial court's construction of a contract de novo. See Gables Ins. Recovery, Inc. v. Citizens Prop. Ins. Corp., 261 So. 3d 613, 618 (Fla. 3d DCA 2018). A trial court's entry of summary judgment should not be disturbed on appeal where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id.

Paragraph 16.2 provides: "Landlord's sole remedy shall be to retain the **option deposit** subject to the terms and conditions of this Lease and the Contract for Sale and Purchase, if any. Landlord shall have all the remedies as provided in Florida Statute 83, including those with regard to Tenant's property." (emphasis added). The term "option deposit" appears only in paragraph 16.2 of the Lease. Paragraph 1.1(k) provides that "[t]he security deposit is to ensure Tenant's compliance with all terms and conditions of this Lease and, in the event of default under this Lease by Tenant, may be applied towards compensation to Landlord for any damages suffered." Thus, under paragraph 1.1(k), although the "security deposit" "may be applied towards compensation to Landlord for any damages suffered," the security deposit is not the Landlords' sole remedy. Further, paragraphs 1.1(k) and 16.2 do not reflect that the Landlords' "sole remedy" in the event of a default under the Lease is to retain the security deposit.

The Defendants suggests that the term "option deposit" as used in paragraph 16.2 includes the Tenant's "security deposit." This argument lacks merit as a "security deposit" and an "option deposit" are two different forms of deposits. An "option deposit" is a deposit given "in conjunction with a contract committing a seller to deliver title to all or a portion of a land

5

parcel or finished lots, on specified terms."[2]  In contrast, as set forth in paragraph 1.1(k), the "security deposit is to ensure Tenant's compliance with all terms and conditions of this Lease . . . ."  As the language in the Lease is clear and unambiguous, the trial court erred by failing to give effect to the contract as written.  See Castro v. Mercantil Commercebank, N.A., 305 So. 3d 623, 626 (Fla. 3d DCA 2020).

Accordingly, based on the above analysis, the trial court erred by granting the Defendants' motion for  summary judgment and dismissing with prejudice the Landlords' breach of contract action.  On remand, the trial court is instructed to enter a final judgment in favor of the Landlords, taking into consideration the trial court's previous finding that the Landlords' damages total $3,125 and that the Landlords have retained the Tenant's $2,500 security deposit, which pursuant to paragraph 1.1(k) "may be applied towards compensation to Landlord for any damages suffered."

The Landlords argue that if a final judgment is entered in their favor, they are entitled to an award of attorney's fees under the terms of the

---

[2] https://www.lawinsider.com/dictionary/option-deposit#:~:text=Option%20Deposit%20means%20any%20payment,%EF%BC%8B%20New%20List

6

Lease.  We disagree.[3]

In making this argument, the Defendants rely on paragraph 16.2 of the Lease, which provides, in part, as follows:  "Landlord shall have all the remedies as provided in Florida Statute 83."  Part I of Chapter 83 of the Florida Statutes applies to "nonresidential tenancies," and therefore, is applicable to the commercial Lease.  Although Part II, which applies to residential tenancies, has a provision that allows the prevailing party to recover attorney's fees from the nonprevailing party in any civil action to enforce the provisions of the rental agreement,[4] no such provision exists in Part I of Chapter 83.  Therefore, contrary to the Landlords' assertion, on

---

[3] If a trial court's ruling as to the entitlement of attorney's fees is based on its interpretation of a contractual provision, an appellate court reviews that determination de novo.  <u>See</u> <u>Carlin v. Javorek</u>, 42 So. 3d 820, 822 (Fla. 4th DCA 2010).

[4] Section 83.48 provides:
> **Attorney fees.**—In any civil action brought to enforce the provisions of the rental agreement or this part, the party in whose favor a judgment or decree has been rendered may recover reasonable attorney fees and court costs from the nonprevailing party. The right to attorney fees in this section may not be waived in a lease agreement. However, attorney fees may not be awarded under this section in a claim for personal injury damages based on a breach of duty under s. 83.51.

remand, they are not entitled to an award of attorney's fees.

Reversed and remanded with instructions.