# Third District Court of Appeal

## State of Florida

Opinion filed May 13, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0808
Lower Tribunal No. 24-5842-CA-01
_____

**ShipJoy, LLC,**
Appellant,

vs.

**SVES, LLC, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Mavel Ruiz, Judge.

Rafool, PLLC, and Omar K. Ibrahem, for appellant.

MAC Legal, P.A., and Michael A. Citron (Hollywood), for appellees SVES, LLC, SVES Go, SVES Swiss, LLC, and SVES Apparel, LLC; Hoffman, Larin & Agnetti, P.A., and David L. Perkins and John B. Agnetti for appellee Yeschak Issac Daniel.

Before SCALES, C.J., and FERNANDEZ and BOKOR, JJ.

BOKOR, J.

ShipJoy LLC appeals from two postjudgment orders denying entitlement to fees and damages under section 60.07, Florida Statutes. The statutory provision under which ShipJoy sought relief allows a trial court to "assess damages to which a defendant may be entitled under any injunction bond." Because no bond was entered on the injunctions at issue, and because none of the exceptions warranting relief absent a bond apply, we affirm.

Background

ShipJoy entered an agreement with several companies acting collectively, the SVES entities, to store approximately 6,000 pallets of merchandise. SVES contracted to pay ShipJoy monthly rent for ShipJoy to keep the merchandise in a specified California warehouse. A dispute arose over the rent, and SVES filed an emergency petition to enjoin ShipJoy from selling its merchandise at auction under ShipJoy's claim of a warehouseman's lien. The court below granted a temporary injunction on April 4, 2024, ordering ShipJoy to take no action pending further proceedings. The temporary injunction was entered without bond.

After a hearing, the court vacated the April 4 injunction by stipulation of the parties because it had been entered without bond, and it denied SVES' motion for a permanent injunction. The court found that SVES was indebted

2

to ShipJoy and allowed ShipJoy to sell the merchandise so long as ShipJoy deposited surplus funds in the court registry and provided SVES with thirty-six hours' notice of every sale.

On October 14, 2024, Yeschak Issac Daniel moved to intervene. Daniel alleged that SVES' merchandise was not actually being stored in the warehouse that ShipJoy had been charging SVES rent for. Rather, he claimed that ShipJoy had leased another location, moved the merchandise, and failed to pay its own rent under the new lease. Daniel argued that his intervention was appropriate because his company, Noor Group LLC, had signed on as guarantor of ShipJoy's new lease, and he was seeking to protect Noor Group derivatively by asserting a claim over the merchandise.

Daniel's allegations cast the foregoing litigation in a new light, so SVES filed an emergency motion asking the court to reexamine the facts and issue another temporary injunction that would protect the assets. On December 11, 2024, the court held an emergency hearing where ShipJoy admitted to having vacated its original warehouse, moved the goods, and not deposited the proceeds from the sale of several thousands of pallets of merchandise with the court registry. That day, the court issued two more temporary injunctions without bond. These injunctions mandated that ShipJoy account for all the funds and merchandise and froze the account where ShipJoy

3

admitted to having parked the sale proceeds pending further proceedings.

On December 16, 2024, the court held an evidentiary hearing. ShipJoy submitted evidence tending to prove that it had attempted to comply with the court's previously-imposed sale conditions and not misrepresented facts surrounding its rent or charges to SVES. The trial court also denied Daniel's motion to intervene. No evidence contradicting ShipJoy was admitted. The court dissolved the December 11, 2024 injunctions.

ShipJoy moved for attorney's fees and damages under section 60.07, Florida Statutes. It argued that the injunctions were wrongly entered and that both SVES and Daniel as an intervenor were liable. After a hearing, the court denied the motion on the grounds that the injunctions were never effective, would not have been wrongful, resulted in no damages, and that no relief could be had because no bond was entered. The court also ruled that no relief was available against Daniel as a non-party. This appeal followed.

<u>Standard of Review</u>

The standard of review for entitlement to fees based on the interpretation of a statute is de novo. <u>Starboard Cruise Servs., Inc. v. DePrince</u>, 259 So. 3d 295, 297 (Fla. 3d DCA 2018).

<u>Analysis</u>

4

The trial court denied damages as to three bondless injunctions for which ShipJoy moved under section 60.07, Florida Statutes. Under Florida law, "[n]o temporary injunction shall be entered unless a bond is given . . . for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined." Fla. R. Civ. P. 1.610(b). "[O]n dissolution, the court may hear evidence and assess damages to which a defendant may be entitled under any injunction bond . . . ." § 60.07, Fla. Stat.

In Vital Pharmaceuticals, Inc. v. Professional Supplements, LLC, the Fourth District held that damages for a wrongly entered injunction are "unrecoverable" under section 60.07 once the order is dissolved without bond because the statutory mechanism "presupposes the existence of a bond." 210 So. 3d 766, 767–68 (Fla. 4th DCA 2017). Had the order remained in effect, the proper remedy would have been to remand for an evidentiary hearing to set a bond. See Housman v. Housman, 370 So. 3d 1006, 1009 (Fla. 5th DCA 2023). But this appeal comes too late for that.

As the Vital court correctly observed, the statute only allows a court to assess entitlement to damages "under an[] injunction **bond**." § 60.07, Fla. Stat. (emphasis added). So without a bond, "any remedy appellant might have for damages for the erroneous issuance of the subject order must lie elsewhere than in the instant suit." Vital, 210 So. 3d at 768 (quoting Hathcock

5

v. Hathcock, 533 So. 2d 802, 804 (Fla. 1st DCA 1988)). The trial court therefore properly denied ShipJoy's motion under section 60.07.

ShipJoy claims that the trial court erred by failing to apply Provident Management Corp. v. City of Treasure Island, 718 So. 2d 738, 739 (Fla. 1998), which it argues allows for recovery of damages despite the lack of a bond. But that case illuminated a statutory exception that doesn't apply to the facts here. Our supreme court has held that, when a bond is set, recoverable damages are generally limited to the amount of the bond. Parker Tampa Two, Inc., v. Somerset Dev. Corp., 544 So. 2d 1018, 1019 (Fla. 1989); Pledger Tr. Series 28, LLC v. Apeiron Holdings Miami, LLC, 306 So. 3d 1115, 1116 (Fla. 3d DCA 2020) ("In Parker, the Florida Supreme Court limited recoverable damages for a wrongful injunction to the amount of the injunction bond.").

There are exceptions to the rule limiting damages to the bond amount. First, "where the injunction is obtained maliciously or in bad faith," Parker, 544 So. 2d at 1020, which ShipJoy has not argued. Second, under Provident, full damages are allowed where the court dispenses with the bond "pursuant to the provisions of rule 1.610(b)." 718 So. 2d at 739. ShipJoy claims that in this case the failure to enter a bond amount was "pursuant to the provisions of rule 1.610(b)." Id. But it was not. Rule 1.610(b) only grants discretion to

"dispense with" a bond when the injunction is "issued on the pleading of a municipality or the state or any officer, agency, or political subdivision thereof." ShipJoy is none of these and does not argue otherwise. Instead, ShipJoy claims that we are constrained to apply the Provident exception to all private parties—not just government entities—by our prior decision in McMillan/Miami, LLC v. Krystal Capital Managers, LLC, 1 So. 3d 312 (Fla. 3d DCA 2009).

In McMillan/Miami, we construed section 48.23(3), Florida Statutes, which instructs courts to discharge lis pendens "as [they] would grant and dissolve injunctions." Looking to Parker and Provident for guidance, we held that entitlement to attorneys' fees was "not contingent upon the posting of a lis pendens bond" in certain circumstances when the "orderly step-by-step procedure" for posting bond had been disrupted. McMillan/Miami, 1 So. 3d at 314 (quotation omitted). What were those circumstances? First, "where no bond whatsoever is posted **by a city**," and second, where a party "**fraudulently** obtain[s] an ex-parte injunction." Id. (emphasis added). In other words, McMillan/Miami recognizes the same exceptions explored in Parker and Provident: governmental action and fraud or bad faith. Neither exception applies here.

Finally, Daniel can't be held liable as an intervenor in this case. This is because his motion to intervene was denied and he is therefore not a party. City of Coral Gables v. Garcia, 347 So. 3d 54, 58 (Fla. 3d DCA 2018) (holding that failed motion to intervene meant that city was "not a party to the case").

Affirmed.